# THE STATE v. BRINYEA.

1. The mode of proving insanity is by shewing a series of actions or declarations which evince an aberration of mind ; and it is not, in general, proper to take the opinion of witnesses derived from knowing or hearing the facts deposed to.— Whether there may not be exceptions to the general rule, arising out of some peculiar relation or connexion of the witness (whose opinion is offered) to the supposed lunatic—*Quere.*

2. If a person, after verdict, and before sentence, becomes insane, it is good cause for staying the sentence, but where the question of insanity has been passed on by the jury, a motion to the court to stay the sentence cannot be entertained.

3. When the prisoner's guilt is clearly made out, if he relies on insanity as a defence, he must make it out to the satisfaction of the jury beyond a reasonable doubt, which is the rule laid down in the State v. Marler, [2 Ala. 43.]

4. If a charge is considered objectionable on account of supposed obscurity or tendency to mislead the jury, those against whom it is to operate must ask an explanation of the Court, otherwise this Court will not reverse for that cause, if the charge is substantially correct.

ERROR to the Circuit Court of Montgomery.

This cause is presented on questions reserved for the opinion of this Court, as novel and difficult.

On the trial the prisoner relied on the defence of insanity, and introduced witnesses who testified to acts and declarations of the prisoner tending to prove insanity; whereupon his counsel proposed to ask the witnesses for their opinions as to the sanity or insanity of the prisoner, as deduced from the acts or declarations testified to by them. This question was excluded by the Court, the witnesses not being of the medical profession.

The Court charged the jury that they must believe the offence charged in the indictment to have been committed; that if they entertained a reasonable doubt as to the commission of the act, the prisoner was entitled to the benefit of it; but the commission of the act being proved, and the prisoner relying on insanity as an excuse, the rule was reversed. In that event the prisoner was bound to make out by testimony, beyond all reasonable doubt, that he was insane at the time the act was committed, by proof clear, strong and convincing; and if upon the testimony the jury should entertain no reasonable doubt of the defendant's sanity, they should find him guilty.

When the prisoner was called before the Court for sentence, after a verdict of guilty against him, the counsel for the prisoner suggested that he was at that time of unsound mind, and moved an arrest of judgment on that ground. The suggestion was supported by affidavits, conducing to prove its truth, but the Court declined to consider the motion, and reserved the questions as novel and difficult.

ATTORNEY-GENERAL, for the State.
MAYS, for the prisoner.

GOLDTHWAITE, J.—1. There is a considerable diversity of decision upon the point, whether a witness, not being a physician, can properly be allowed to give his opinion in evidence, when the matter to be ascertained is the insanity of an individual. [The cases on this subject are collected in Cowen's and Hill's notes to Philips on Evidence, 759, note 529.]

Although the greater number of these recognize the rule as ordinarily understood, and as declared by the Circuit Court, yet there are some which seem to sustain the position insisted for by the prisoner's counsel. Our intention is not to review them, as it would lead us into unnecessary prolixity, and as the principle applicable to this case can be ascertained without aid from them.

When it is necessary to prove to a jury that one is insane, this is done by shewing a series of actions or declarations which evince an aberration of mind ; the conclusion of insanity is to be drawn by the jury, and must be deduced from the actions or declarations of which evidence is given. Different individuals, sometimes draw different conclusions from the same act ; and if their opinions were admissible as evidence, it might often happen that different opinions formed from the same conduct, would go to the jury, having no other tendency than to embarrass and mislead them. As the conclusion of the jury has to be formed from the acts and declarations before them as evidence, it is entirely immaterial what opinions are formed by others, and for this reason, such opinions in this case were properly excluded from the jury.

It is proper to remark here, that we have not entered into the consideration of exceptions to the general rule, arising out of some peculiar relation or connexion of the witness to the person whose sanity is questioned, because nothing but the general question is now presented.

2. If a person, after verdict, and before sentence, becomes insane, it certainly is a good reason to stay the sentence ; but that is not this case. We do not understand that any change in the condition of the prisoner was shown to have taken place since the impannelling of the jury. It was then, in effect, requiring the court to arrest or stay the judgment, for the same reason which had been unsuccessfully urged before the jury in defence of the criminal charge. We think the Circuit Court properly refused to entertain the motion.

.3. The objection to the charge cannot avail the prisoner, as it is in strict accordance with the rule declared in Marler's case.— [2 Ala. Rep. N. S. 43.] The counsel for the prisoner argues that the charge was, that a different degree of proof was necessary to make out a defence than was sufficient to produce a conviction; but we do not so understand it. The court, in substance, declares, that it was incumbent on the State to make out the prisoner's guilt, beyond all reasonable doubt; and if the jury doubted the evidence as to the commission of the act, the prisoner was entitled to the benefit of that doubt; but if the act was incontestably proved, and the prisoner relied on insanity to excuse himself, the case was *reversed*. The prisoner then was bound to make out, by testimony, beyond all reasonable doubt, that he was insane at the time the act was committed, by proof, strong, clear and convincing; but if upon testimony, the jury should entertain no reasonable doubt of the defendant's sanity, they should find him guilty.

It is true we do not very clearly comprehend what was intended by the court, when it said the case was *reversed*, if insanity was relied on as a defence; but, whatever it was, it certainly was not intended to instruct the jury, that they should convict the prisoner if they entertained doubts of his sanity. The charge, it is true, is in the negative, that if the jury had no reasonable doubt of the sanity of the prisoner, he should be convicted. This, as it seems to us, is precisely equivalent to a charge, that if a reasonable doubt of his sanity was entertained, the jury should acquit. If the charge was objectionable, on account of its obscurity, or so considered, the prisoner's counsel should have requested the proper explanation; if refused, or not given as asked for, that tendency to mislead would have been made apparent, and, under the decision in Marler's case, the judgment would have been reversable. Let the judgment be affirmed.