ON \ PPLIOATION FOR A WRIT OF MANDAMUS.
The opinion of the court was delivered by
Breaux, J.
The proceedings are by mandamus (o compel the trial judge to cause the defendant to be brought before him to be examined touching his sanity or insanity; to hear witnesses with the view of obtaining a judgment of interdiction.
The history of the case shows that on the trial before the District Court evidence was introduced before the jury to sustain defendant’s-plea of insanity; that the District Judge charged the jury fully upon the law of insanity as applicable to the case.
The trial judge avers in his return to the rule nisi, issued by this court on the application for a writ- of mandamus, that during the trial he not only listened to the evidence up,on the subject of the defendant’s insanity, but watched carefully for any indication of insanity during the trial, and that he was satisfied that the accused was sane and he refused to set aside the verdict and grant a new trial.
The ruling and sentence of the District Court were brought up for review on appeal. Our decision affirmed its correctness in June, 1897. Ante p. 1092.
In August following, the attorneys for the defendant petitioned the District Court for his interdiction and alleged the insanity of defendant.
*1501 The trial judge, in support of his refusal to grant the prayer of the petition, allegedinhis return that “ the verdict of the jury supported as it is by the judgment of the District and Supreme Courts is res judicata; that it conclusively establishes the fact that the relator, Patrick Paine, at the time he killed his wife, was sane and responsible for that act.
“As stated in my judgment refusing to take further action in this matter, and as your Honors will see by reference to the application for the commission and investigation in the matter, it is not alleged nor pretended that the insanity complained of has arisen since the trial of this case.”
Here counsel for the defendant seek to reopen issues which were considered and passed upon in the trial of the case. We agree with the District Judge; those issues to the date of the conviction are now closed.
In the application for the interdiction the insanity of the defendant is alleged without specially averring whether it is based upon conduct and utterances of the defendant since the trial or prior to the trial.
It is well settled if one who has committed a capital offence becomes non compos mentis after conviction, he shall not be executed.
But the burden was upon the defence- to specially allege that the insanity had developed and become evident since the trial.
In State vs. Patton, 12 An. 288, this court said: “ Nor was there any error in refusing to allow the tardy motion for an inquisition of lunacy, it appearing that there was no pretence that the prisoner had become insane since the trial, and the question of his sanity at that time having been fully considered and passed upon as a question of fact, the verdict of the jury is conclusive upon us as to all matters of fact embraced by it.”
All allegations setting forth defendant’s mental condition, having reference to a date prior to conviction, do not present an issue for decision. The allegations made do not, in our view, refer to acts of insanity since the conviction.
Nothing of the conduct, acts or utterances of the defendant indicating insanity are averred.
Moreover, no attempt was made to obtain the report of a physician or to present any other evidence of insanity save an affidavit required by statute, which is a part of the pleadings and is unques *1502 tionably true and correct in the opinion of counsel, but not on its face sufficient in law to arrest the effect of a verdict and sentence, or to justify an investigation such as that sought. It is not with special reference to mental condition since the conviction.
In State ex rel. Chandler, 45 An. 700, we held that the judge was authorized under Sec. 1768, invoked by the defendant upon the report of physicians, to direct an investigation. (Italics ours.)
In State ex rel. Armstrong vs. Judge, 48 An. 504, the respondent made an application for a respite. He moved for a commission of experts to examine into his mental condition. The proceedings had, prior to the appointment, the effect of giving notice of the necessity of appointing an inquisition de lunático inquirendo to examine into the mental condition of the accused.
Without a showing before us, and without suggestion of one insane act since the trial, we are compelled to decline the relief for which application is made.
Whenever knowledge is brought to the attention of the trial judge that insanity has supervened since the conviction of the accused, an inquiry into his mental condition should be made instanter.
It is therefore ordered and decreed that the provisional order rendered be set aside; relator’s demand is not granted, and his application is dismissed.
Nicholls, C., J. and Miller, J., absent.