# Commonwealth *v.* Hays.

*Murder—Insanity—Act of May* 14, 1874, *P. L.* 160—*Appeals.*

The Supreme Court will not reverse an order of the court of oyer and terminer dismissing a petition under the act of May 14, 1874, to appoint a commission to inquire into the sanity of a person convicted of murder of the first degree, where the record contains nothing but an allegation of a belief that the prisoner is insane, unsupported by any proof to that effect, and without any statement as to whether the alleged insanity of the prisoner occurred before or after the trial.

The act of 1874, does not command that upon the mere presentation of a petition the court shall as a matter of right to the prisoner award the commission, but simply provides that it shall be lawful for the court to do so, which means that the court shall have the power to do so if a proper case is made out.

Argued Feb. 19, 1900.   Appeal, No. 31, Jan. T., 1900, by defendant, from order of Oyer and Terminer, Fayette Co., Sept. T., 1899, No. 3, dismissing petition for commission to inquire into the prisoner's insanity, in case of Commonwealth v. Mark Thomas Hays.   Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Indictment for murder.

Petition for the appointment of a commission to inquire into the prisoner's insanity.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*George B. Jeffries*, for appellant.—The act of 1874 applies to persons under sentence of death: Com. v. Hillman, 189 Pa. 548.

*W. E. Crow*, district attorney, for appellee, was not heard but argued in his printed brief.—The act of 1874, has reference only to those whose punishment is imprisonment, and does not apply to persons convicted of murder in the first degree and awaiting sentence of death: Com. v. Wireback, 192 Pa. 150; Brigg's Case, 14 W. N. C. 341; McGinnis's Case, 14 W. N. C. 221; Laros v. Com., 84 Pa. 200; Baranoski's Case, 9 Pa. C. C. R. 264; Wilson's Case, 19 W. N. C. 37.

PER CURIAM, March 26, 1900:

The appellant was convicted of murder of the first degree, a new trial was refused after argument in the court below, and thereafter a petition was filed asking the court to appoint a commission of three citzens to inquire into the sanity of the appellant. After full argument was had upon this petition it was refused and thereupon the present appeal was taken. The petition is not printed and we are not informed of its contents except in a general way. It is stated in the history of the case, " that on October 3, 1899, a petition was filed setting forth the fact that it is believed that the said Mark Thomas Hays is insane and of unsound mind and that he should be removed to a hospital for the insane, etc., and asked that a commission be appointed to inquire into his insanity, etc., and that said petition was ordered to be filed and placed upon the argument list by the court." It does not appear that any testimony was taken to prove the facts set forth in the petition, nor that even any supporting affidavits were presented with the petition. It does not appear that the alleged insanity of the prisoner occurred after the trial, nor whether he was insane when the case was tried. If the latter was the fact, of course that defense must have been made on the trial, and found against him. If the alleged insanity occurred after the trial, that fact should be conspicuously set forth and supporting testimony of a very convincing character should have been taken. As the record is exhibited to us it contains nothing but an allegation of a belief that the prisoner is insane, unsupported by a fragment of proof to that effect. The court that heard the petition and the argument in its favor and had the prisoner before them, and heard also the trial of the cause, has refused the petition. Upon what possible ground can we say that the court was in error? Obviously none. The act of 1874 does not command that upon the mere presentation of a petition the court shall as a matter of right in the prisoner award the commission, but simply provides that it shall be lawful for the court to do so. That means, of course, that the court shall have the power to do so if a proper case is made out. Whenever a court refuses such an application the necessary inference is that in the opinion of the court the essential facts have not been established to warrant the granting of the commission. As we have no

means of knowing whether there were any such facts, it is impossible for us to say that the court was in error in refusing the petition.

The order of the court below is affirmed, the appeal is dismissed and the record is remitted for the purpose of execution.