## LEWIS *v*. STATE.

[68 South. 785.]

1. CRIMINAL LAW. *Trial deliberations of jury. Communications with bailiff. Communications from judge. Evidence. Res gestae. Admission by silence.*

   Where in a murder trial the jury had been out for two days without agreeing and the foreman sent word to the judge by the bailiff asking that the jury be discharged and the bailiff on his own initiative returned and told the jury that the judge said that he would keep the jury for another week if they did not come to a verdict, such conduct was improper.

2. SAME.

   A judge should not send messages to a jury while deliberating, which might influence their verdict, as by suggesting that he will keep them until they agree.

3. CRIMINAL LAW. *Evidence. Res gestae.*

   In a prosecution for murder, where a child of decedent, a few moments after the killing said to defendant, "you killed my poor father not for a thing in the world," such evidence was not admissible as a part of the "*res gestae*," nor was the silence of the defendant under such an accusation an implied admission of his guilt.

APPEAL from the circuit court of Union county.

HON. H. K. MAHON, Judge.

The facts are fully stated in the opinion of the court.

*S. R. Knox,* for appellant.

An obvious effort of the court to drive the members of the jury into an agreement requires a new trial if they do agree. *People of the State of New York* v. *Sheldon,* 41 L. R. A. 644. The old rule permitting coercion of a jury in order to secure a verdict has been swept away and under our present method the independence of the jury is represented. Under *People* v. *Sheldon,* 41 L. R. A. 648, is cited the case of *Terre Haute & I. R. Co.* v. *Jackson,* 81 Ind. 19, 24, in which after the jury had retired and been out nine hours, the trial

court caused the jury to be informed through the bailiff having them in charge that if they did not agree on a verdict, the court would keep them until Saturday night, a period of four days. This was held reversible error.

As to the ninth ground of the assignment of error. Both the court and the bailiff erred in delivering such a message to the jury. The bailiff should have refused to have delivered this message. *Shaw v. State,* 79 Miss. 577.

The verdict was vitiated by the conduct of the officers. The same rule prevails. It makes no difference whether the influence causes them to abridge their deliberations, or after long and tedious holding out for what each juror proclaims his idea he is forced to decide. These communications are presumed to be prejudicial and necessitates a reversal. *Shaw v. State,* 79 Miss. 577; *Brown* v. *State,* 69 Miss. 398, 10 So. 579.

Suppose the court had not raised in the minds of the jury the expense question of a new trial. It is more than probable that staying as long as they did and being free from that influence there would at least have been liberty until another trial for defendant, as it would have been a hung jury. He did not get a fair trial. *State* v. *Place,* 20 So. Dak. 489.

In the Place case, the court said: "Of course it is possible that the action of no juror was influenced by the courts statement, but such statement was so clearly improper and so well calculated to prejudice the rights of accused, we cannot assume that it did not have that effect."

*Lamar F. Easterling,* Assistant Attorney-General. for the state.

Counsel next insists that this cause should be reversed because the court erred in refusing to discharge the jury after they had announced that they could not

agree and because of certain remarks made by the trial court which were communicated to the jury. The testimony on this point will be found on pages 141 to 146 of the record. Looking at this testimony which was taken on a motion for a new trial it appears that there was considerable dispute and conflict as to what language the court used and what actually took place, and it does, as we think, clearly appear that whatever statement was made by the bailiff to the jury produced no harmful effect at all. In fact we think, as shown by the testimony on pages referred to, that the court committed no sort of error in the matter. This court has, as we think, fully passed on this question in the following cases: *May* v. *State,* 54 So.——; *Wiltcher* v. *State,* 54 So. 726.

COOK, J., delivered the opinion of the court.

Appellant was convicted of murder and sentenced to life imprisonment in the penitentiary. In this appeal there are numerous assignments of error; but, inasmuch as the judgment of the trial court will be reversed and the cause remanded for a new trial, we do not deem it necessary to discuss more than two of the alleged errors.

It appears that the bailiff in charge of the trial jury, after the case had been submitted to the jury, and after the jury had considered the case for two days without being able to agree upon a verdict, delivered a message to the jury which he told the jury he was instructed by the judge to deliver. This came about in this way: After consulting for two days, the jury had not reached an agreement, whereupon the foreman of the jury asked the bailiff to go to court and ask him to discharge the jury, because he (the foreman) did not believe that the jury would ever agree upon a verdict. The bailiff went to the judge and delivered the foreman's message, and afterwards told the jury, in substance, that the judge said that he could keep the jury for another week

at less cost than he could have another trial, and that he would keep the jury for another week if they did not come to a verdict. Three or fours days after the jury received this alleged message from the judge a verdict was returned. There is some little confusion in the record as to just what the bailiff said to the jury, but, as we read the record, the above is about the substance of what was communicated to the jury.

The bailiff is put in charge of the jury, to see that no outside influences are brought to bear upon them. The bailiff is an outsider so far as the deliberations of a trial jury are concerned, he has no right to say one word to the jury which would be calculated to influence the verdict. The judge should not send messages to a jury, and it is only fair to say that this record does not show that the judge sent the message complained of. This court, in *May* v. *State,* 98 Miss. 584, 54 So. 70, said:

"The jury, when it retires to consider its verdict, should be left absolutely free from any and all outside influence. When it retires, it is supposed to be alone and in seclusion, so to speak, there to consider the case submitted to them with perfect freedom."

After the homicide was complete a witness made this statement, speaking to defendant: "You killed my poor father not for a thing in the world; he hadn't done a thing." This accusation was made just a few moments after the fatal shot was fired. When this was offered in evidence defendant objected, and his objection was overruled. It is contended that this statement, or accusation, was competent as a part of the *res gestae,* and that it was an accusation which defendant was called on to deny. In *Mayes* v. *State,* 64 Miss. 333, 1 So. 735, 60 Am. Rep. 58, we quote this definition of *res gestae*s

"It is not enough that the statement will throw light upon the transaction under investigation, nor that it was made so soon after the occurrence as to exclude

the presumption that it has been fabricated, nor that it was made under such circumstances as to compel the conviction of its truth; the true inquiry, according to all the authorities, is whether the declaration is a verbal act, illustrating, explaining, or interpreting other parts of the transaction of which it is itself a part, or is merely a history, or a part of a history, of a completed past affair. In the one case it is competent; in the other it is not.''

We think that this statement did not measure up to the definition, and that the objection should have been sustained. The defendant was not called on to deny the accusation.

We do not mean to say that this error alone would justify a reversal, but merely point it out that the court should avoid a similar mistake in a retrial of this case.

For the errors mentioned the cause is reversed and remanded.

*Reversed and remanded.*