# Commonwealth *v.* Barnes, Appellant.

*Criminal law—Criminal insane—Petition for removal to hospital —Parties—Acts of May 14, 1874, P. L. 160, and July 11, 1923, P. L. 998—Statutes—Construction—Ejusdem generis rule.*

1. The Act of May 14, 1874, P. L. 160, relating to the removal of criminally insane persons to hospitals, was repealed by the Act of July 11, 1923, P. L. 998, and section 308 of the later act was intended as a substitute for the former.

2. The terms "other responsible person" or "responsible officer of the institution or other person," used in section 308 of the Act of 1923, to describe the person who is authorized to make the application to court for the removal of an insane person from a prison to a hospital, must be construed, under the ejusdem generis rule, as referring to persons who are connected with the penal institution, and in some measure responsible for the care of the prisoner in question.

3. Where the person making the application is not connected with the institution, and the witnesses merely express a belief as to the prisoner's insanity, and the trial judge who saw the prisoner

expresses a belief in his sanity, an order refusing the petition will be sustained on appeal, whether the petition be considered as an application at common law or as a statutory proceeding.

4. The application in such case should set forth specifically when the insanity occurred, and particularly if it occurred after the trial.

5. Not decided whether section 308 of the Act of 1923 applies to a person awaiting execution of a death sentence.

Argued April 14, 1924. Appeal, No. 345, Jan. T., 1924, by defendant, from order of O. & T., Fayette Co., June T., 1923, No. 9, refusing petition for removal of defendant to a hospital, in case of Commonwealth v. John Barnes. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for removal of defendant from prison to hospital. Before VAN SWEARINGEN, P. J.

The opinion of the Supreme Court states the facts.

Petition dismissed. Defendant appealed.

*Error assigned* was order, quoting it.

*Wooda N. Carr,* of *Carr & Carr,* with him *H. George May,* for appellant.

*A. E. Jones,* Assistant District Attorney, with him *E. D. Brown,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 12, 1924:

Appellant was convicted of a capital offense. On February 12, 1924, while he was in prison awaiting execution of a death sentence, one F. W. Goddard, designating himself as an "Ensign of the Salvation Army," filed a petition stating his "belief" that the prisoner was insane and praying that he be removed to a hospital, "as provided by the Act of May 14, 1874, P. L. 160." This petition was supported by an affidavit of a sister of the

prisoner, expressing her belief that he is "irresponsible and does not realize the gravity of the crime he committed," by another affidavit of a physician, who examined appellant at the prison on a given date and who expresses a professional opinion that he is "suffering from organic dementia" of a permanent and progressive character; and, finally, the testimony of a second doctor was taken to show the character of a self-inflicted bullet wound in one of the lobes of the prisoner's brain.

The court below dismissed the petition, saying it did not accord with the statute under which it purported to have been filed, that statute requiring such applications to be made by "the warden, superintendent, physician, or any inspector of the penitentiary or prison in which [the person affected] is imprisoned, or by the general agent of the Board of Public Charities." In addition to this technical reason, the court below supports its order by stating that "Neither in the petition itself nor in the additional affidavit is anything more in detail alleged than a belief that Barnes is insane. The petition contains no allegations as to when the alleged insanity occurred, whether after the trial or that it existed when the case was tried. 'If the latter was the fact, of course that defense must have been made on the trial. If the alleged insanity occurred after the trial, that fact should be conspicuously set forth and supporting testimony of very convincing character should have been taken': Com. v. Hays, 195 Pa. 270." Finally, the court below, through the trial judge, who saw appellant and heard him testify, states, "We are not convinced [he is] not malingering......; that the prisoner is of low mentality may be conceded; that his bodily health is not of the best may be admitted; that he is and has been a peculiar and eccentric man is not to be denied; but that he is sane at this time we have no doubt."

So far as the Act of 1874 is concerned, counsel on both sides and the court below seem to have overlooked the fact that it was expressly repealed by the Act of July

11, 1923, P. L. 998, 1023. The Act of April 20, 1869, P. L. 78, referred to in the printed argument of counsel for appellant, was also repealed in part by the Act of 1923: see P. L. 1022.

The only "questions involved" presented by counsel for appellant are: (1) Did the court below err in "refusing to appoint a commission to inquire into appellant's sanity, as provided by the Act of May 14, 1874?" and (2) Did appellant "make out such a case as should have moved the court to appoint a commission......as provided by the Act of May 14, 1874?" Were we to depart from these stated questions, however, and consider the proceedings before us as though they had been brought under section 308 of the Act of July 11, 1923, P. L. 998, 1005, instead of under the Act of 1874, we still would be obliged to affirm the order dismissing the petition.

Section 308 of the Act of July 11, 1923, provides that "When any person detained in any prison, whether waiting trial or undergoing sentence, or detained for any other reason (e. g. as a witness), shall, in the opinion of the superintendent, jail physician, warden, or other chief executive officer of the institution or other responsible person, be insane......, the said superintendent, jail physician, warden, or other chief responsible officer of the institution, or other person, shall immediately make application......to a law judge......for a commitment of said person to a proper hospital for mental diseases"......The act from which this quotation is taken covers thirty-two pages of the pamphlet laws, and is largely a codification of previous legislation on the general subject in hand. A study of the entire statute indicates that section 308 was intended as a substitute for the Act of 1874,.repealed, and that, when the terms "other responsible person," or "responsible officer of the institution or other person," are used, they should in each instance be read, under the ejusdem generis rule, as referring to persons who are connected with the penal

institution in question and in some measure responsible for the care of the prisoner involved in the proceeding before the court; this being so, and taking into account the view indicated by the court below as to the substantial weakness of the allegations concerning appellant's mental condition, we cannot say that tribunal erred in dismissing the petition, whether it be considered as an application at common law (Sharwood's Blackstone's Commentaries, book IV, p. 395), or as a statutory proceeding.

A doubt has been expressed in some cases whether the Act of 1874 can properly be construed to apply to a person awaiting execution of a death sentence (Ex-parte John M. Wilson, 19 W. N. C. 37; see also Ex-parte John McGinnis, 14 W. N. C. 221), and a like question may arise as to the Act of 1923, but there is no occasion to decide it here.

The order appealed from is affirmed.