## Lewis v. State.

(En Banc. Jan. 6, 1930.)

[125 So. 419. No. 28390.]

W. D. Hilton and R. T. Hilton, both of Jackson, J. B. Sykes, of Mendenhall, and S. C. Broom and Oscar P. Gober, both of Jackson, for appellant.

**Forrest B. Jackson,** Assistant Attorney-General, for appellee.

Argued orally by **S. C. Broom** and **W. D. Hilton**, for appellant, and by **Forrest B. Jackson**, Assistant Attorney-General, for the state.

**Griffith, J.**, delivered the opinion of the court.

At the March, 1928, term of the circuit court of Simpson county, appellant Lewis was convicted of murder and was sentenced to be hanged. An appeal to this court was had, pending which the date fixed by the circuit court for the execution of the sentence was passed. The judgment was by this court affirmed (118 So. 708), and the 13th day of December, 1928, was fixed as the day of the execution. A few days before the date last aforesaid the chancellor of the district erroneously granted a writ of habeas corpus, whereby the date for the execution again passed. Upon the hearing in habeas corpus the chancellor denied relief, and an appeal was thereupon taken to this court from that decree. Again there was an affirmance in this court (121 So. 493) on April 8, 1929, but, because the habeas corpus court had no power to fix a new date for

the execution, this court on that appeal had no such power, and no date was fixed.

When the next succeeding, the September, 1929, term of the said circuit court came on, the state applied, under section 1524, Code 1906 (section 1351, Hemingway's 1927 Code), to the court for an order fixing a date for the execution of the sentence, whereupon appellant through his attorneys answered that appellant, "the said defendant, R. V. Lewis, is now insane," and supported the said answer by two affidavits by competent medical experts to the effect that they had examined the said Lewis and his family history and also the entire record in the case in which he was convicted, and that in their opinion "the said R. V. Lewis is now insane." The state moved to strike the said answer as being insufficient in law, which motion was sustained, and, after proof by the state of the facts set out in the first paragraph hereinabove, the court then fixed Friday, the 18th day of October, 1929, as the date for the execution, from which order an appeal was taken, and thus the case is again and for the third time before this court.

It is the first contention of the state, and apparently was the view upon which the trial court acted, that under the section of the statutes above mentioned the convict could not present an answer or suggestion of insanity, but that the exclusive remedy of the convict is under section 1523, Code 1906, as amended chapter 186, Laws 1926 (section 1350, Hemingway's 1927 Code). In this contention the state is mistaken. The section first mentioned "is simply declaratory of the common law," Ex parte Bell, 56 Miss. at page 285, while the section last cited is an additional or cumulative remedy not found in the common law. The two sections stand, neither being repulsive to the other, and neither exclusive of the other.

But the question is whether, on another ground, the answer or suggestion of insanity is sufficient. It was one of the defenses of appellant, urged against his conviction, in the main trial of his case, that he was insane. This issue was found against him by the trial jury and court and was affirmed by this court. As already stated, his answer and the supporting affidavits now before us allege only that he "is now insane," and do not aver that the insanity now pleaded is an insanity that has arisen since the conviction. Consequently it cannot be told from the said averments whether as a matter of fact a new issue is presented or whether it is in whole or in part the old defense already adjudicated against the said convict.

"Where after conviction, defendant asserts that he is insane and asks that sentence be postponed, his application should show that such insanity arose subsequent to conviction, especially where the question as to defendant's insanity was at issue and found against him in the main trial." 16 C. J., p. 1283. This quoted text is squarely sustained by the following cases: Springer v. State, 63 Tex. Cr. R. 266, 140 S. W. 99; State v. Potts, 49 La. Ann. 1500, 22 So. 738; State v. Brinyea, 5 Ala. 241; Commonwealth v. Hays, 195 Pa. 270, 45 A. 728, the court remarking in the latter case: "It does not appear that the alleged insanity of the prisoner occurred after the trial . . . If the alleged insanity occurred after the trial, that fact should be conspicuously set forth, and supporting testimony of a very convincing character should have been taken." All the cases that do not expressly so hold appear to assume the rule to be as stated, and it must be obvious, as it seems to us, and upon no more than the statement of it, that the rule could not well be otherwise. Indeed, the case relied on by appellant, Sears v. State, 112 Ga. 382, 37 S. E. 443, so concedes, but proceeds to argue that, when the affidavits on

behalf of the convict state that he is insane at the time of the appearance for sentence, ''it necessarily follows that he must have become insane since his conviction,'' because the legal effect of his conviction was to adjudicate that he was sane at that prior time. That plausible, but unsound, conclusion was opposed by a dissenting opinion of two of the justices.. The majority there simply reversed the general principle that pleadings are taken more strongly against the pleader—a principle respecting which there would seem to be no admissible reason for an exception in a case like this. If so, how far would it go, and to what would it lead? Without elaboration on our part towards justification either of the rule or of the required manner of pleading under it, as first above laid down, we content ourselves with a quotation taken from Nobles v. Georgia, 168 U. S. at pages 405, 406, 18 S. Ct. 87, 90, 42 L. Ed. 515: ''Without analysis of the contention, it might well suffice to demonstrate its obvious unsoundness by pointing to the absurd conclusion which would result from its establishment. If it were true that at common law a suggestion of insanity, after sentence, created on the part of a convict an absolute right to a trial of this issue by a judge and jury, then (as a finding that insanity did not exist at one time would not be the thing adjudged as to its nonexistence at another) it would be wholly at the will of a convict to suffer any punishment whatever, for the necessity of his doing so would depend solely upon his fecundity in making suggestion after suggestion of insanity, to be followed by trial upon trial.'' The application and controlling force of the foregoing quotation, particularly the latter part of it, if not manifest, requires but little of statement to make it so. It is unfortunately true—and it has produced unfortunate results in over-frequent immunity from punishment for inexcusable crimes—that largely, not only in popular conception, but to a remark-

able extent among those learned in medical science, there is the indefinite and erroneous notion that every one must be assumed in law to be insane whose acts do not approximate the ordinary rules of conduct, and that, if there is any marked degree of mental obliquity, it ought to exempt the person thus afflicted from all serious responsibility to the law. Thus the history of criminal jurisprudence reflects that it has always been comparatively easy to procure affidavits that a convict is at present insane, particularly when the crime has been an unusually brutal one, and the accused contrives to talk and act in an unusual manner. If then, upon a showing only that the convict is now insane, a trial would have to be ordered on that issue and thereupon an appeal allowed, new affidavits could be had at the end of the appeal, and another trial procured on some sort of application or writ, and another appeal, and so on over and over. But it would be another, a materially different, and far more difficult matter, to obtain the necessary supporting affidavits, from competent persons, that the insanity had arisen subsequent to the conviction.

It is contended finally that, since no issue in fact was taken upon the affidavits that the convict is now insane, the result is that the present insanity is admitted, and, unless relief is afforded, an insane person will be hanged in contravention of all decent sentiments of humanity and enlightened morality. We need only to say as to this that it is the business of courts to adjudicate cases according to established and necessary general and practical rules of procedural as well as of substantive law. We have no dispensing power, and can assume none, to bend those essential rules to fit the exigencies of a particular case, else there would soon be no rules and no orderly enforcement of the law. The judgment of the circuit court is therefore affirmed, and Friday, the 14th

day of February, 1930, is hereby fixed as the date for the execution.

Affirmed.