## SIMMONS v. STATE.

(In Banc. May 8, 1944.)

[17 So. (2d) 798. No. 35653.]

See also, 196 Miss. 102, 16 So. (2d) 617.

**Bidwell Adam,** of Gulfport, for appellant.

**Greek L. Rice,** Attorney-General, by **R. O. Arrington,** Assistant Attorney-General, for appellee.

**Griffith, J.,** delivered the opinion of the court.

What has heretofore happened in this case is set forth in Simmons v. State, 196 Miss. 102, 16 So. (2d) 617.

Upon the remand to the circuit court for the fixing of a day for the execution of the sentence under Section 1311, Code 1930, Section 2559, Code 1942, the district attorney filed a petition returnable in vacation, praying that the judge of the circuit court in vacation fix a day. The petition was sustained and in vacation the judge made the order prayed for, and from that action the convict has appealed.

There is no authority in the circuit judge in vacation to fix a day for the execution of a sentence. Throughout

the cited section the language is that what is to be done under it is to be done by the court, and no statute is found which authorizes any such order in vacation. Compare White v. State, 185 Miss. 307; 188 So. 8.

Reversed and remanded.