THORNTON v. STATE.

(In Banc. June 5, 1944.)

[18 So. (2d) 296. No. 35594.]

638

**E. B. Todd** and **J. E. Franklin,** both of Jackson, for appellant.

640

**Greek L. Rice,** Attorney-General, by **Geo. H. Ethridge,** Assistant Attorney-General, for appellee.

McGehee, J., delivered the opinion of the court.

The appellant, George Thornton, a negro soldier at home on furlough, was tried and convicted of the murder of Roy Harrell, his former employer, in Rankin County and was sentenced to death. The proof clearly established both the corpus delicti and the fact that the accused had made a free and voluntary confession of his guilt. Moreover, there were certain facts and circumstances testified to by the witnesses which disclosed that the confession was manifestly true, as for instance shortly after his arrest he had told the officers that immediately following his commission of the crime he had gone down the road from the home of the deceased to a point where the road turns to go out to the colored church and thence along a trail up into an old field, giving the approximate distances, and said that he had thrown the empty purse of the deceased off to one side of the road at the place where it was later found.

It was shown by the confession and the testimony of other witnesses that the accused was in company with said Roy Harrell throughout the afternoon before the latter came to his death at his home on the night of November 8, 1943; that they had been drinking together while riding about in Harrell's car; and that when it was suggested to Harrell by these witnesses that on account of his condition he had better stay off of the highway or he would likely be taken into custody by the highway patrolmen, the said Harrell replied that he had plenty of money with which to pay a fine, and thereupon requested the accused to tell these witnesses how much money he had helped to count shortly prior thereto, amounting to the sum of $495.

The accused admitted both in his previous confession to the officers and by his testimony on the witness stand that he accompanied Harrell to his home that evening shortly prior to the homicide, and testified at the trial, when asked if he killed Mr. Harrell, that ''I am not sure.

I was drinking and drunk and I don't know what happened. I must have, I don't guess there was anybody else there but me. I was not myself. I can't explain just what did happen." But in his confession he gave the details of the killing in such manner as to disclose that he had a very distinct recollection of the details as to what transpired at the scene, when he shot Harrell while the latter was lying on his bed asleep, and as to his actions immediately after the killing, when he threw the purse away, etc.

It having been clearly established beyond any reasonable doubt by all of the evidence that the appellant shot and killed Harrell under the circumstances disclosed by his confession and that he then removed the purse from his pocket and later extracted the money therefrom and threw the purse away near the roadside some distance from the house where it was later found when he accompanied the officers to that place, the verdict of the jury and judgment of the court below should be affirmed, since we find that no reversible error was committed on the trial of the case.

The date for the execution of the death sentence is hereby fixed for Thursday, July 20th, 1944.

Affirmed.

## ON MOTION.

**Smith, C. J.,** delivered the opinion of the court on motion.

This is an appeal from a death sentence and the judgment of the court below was affirmed at the last term of this court 18 So. (2d) 296. Thereafter an appeal was taken by the appellant to the Supreme Court of the United States, which appeal was dismissed by that court on October 9th, pursuant to which its mandate has been issued and filed with the clerk of this court. The date fixed for the execution of the sentence herein having passed,

a motion has been made by the Attorney General requesting us to fix a new date. No mandate to the court below has issued on our former judgment herein, consequently we still have jurisdiction of the case and the power to fix this new date. Cf. Simmons v. State, 196 Miss. 102, 16 So. (2d) 617.

The motion will be sustained, the sentence to be executed on Thursday, January 18th, 1945.

So ordered.