## SIMMONS v. STATE.

(In Banc. Dec. 11, 1944. Suggestion of Error Overruled Jan. 8, 1945.)

[20 So. (2d) 64. No. 35721.]

Bidwell Adam, of Gulfport, for appellant.

Greek L. Rice, Attorney General, by R. O. Arrington, Assistant Attorney General, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Three appeals have heretofore been granted appellant, and this is his fourth. 15 So. (2d) 287; 16 So. (2d) 617, and 17 So. (2d) 798, 799. The present episode is that when as a result of his next previous appeal he was brought before the circuit court in term time for the fixing of another date for the execution, he presented, in a manner unobjectionable as to form, a statement of two

assigned reasons why the execution should not be ordered, these grounds being directed towards the validity of the original trial and sentence. He alleges that (1) he was put to trial, when, on account of a wound previously suffered, he was physically and mentally disabled, and to such an extent as to make it impossible for him to adequately aid in his defense; and that (2) in the trial an alleged confession was used against him which had been procured by force and intimidation. His present statement is such, however, as to disclose that he had full knowledge at the time of trial of both of the matters of which he now complains, and there is no allegation that the officers of the court in charge of the prosecution took any measure, actually or constructively, directly or indirectly, to suppress or repress his presentation thereof on his original trial. His contention, now made, that in his trial he was denied due process cannot be maintained for the elemental reason that he was given full opportunity to be heard, and the guaranty of due process does not require more than one such opportunity. Every person must have his day in court; but this is singular, not plural.

Appellant urges, however, that whatever may be the general rule, the provision is express in Section 2559, Code 1942, which is the section which authorizes a new date to be fixed for the execution of a death sentence, to the effect that a convict when brought into court under the section may show any "legal reason against the execution of the sentence." This statute, as is the rule applicable to all procedural laws, must be construed so as to fit it harmoniously into the system of which it is a part; whence it follows that the reasons against the execution, in order to be legal reasons, must be based upon happenings which have occurred since, but not at or before, the original trial. See Lewis v. State, 155 Miss. 810, 125 So. 419. If this were not the rule, a convict who had succeeded in escaping and in remaining at large beyond the date fixed for his execution would have, on his capture, the right

to an application for a new trial by invoking the provision to which appellant now points.

Appellant in his statement requested that as a part thereof the record of the original trial be considered. Acceding to that request, we have examined the transcript of the original trial, 15 So. (2d) 287, on the general docket of this Court, and it is interesting to note that appellant was indicted on December 8, 1942. On the same day an attorney was appointed to defend him, and he was brought to trial on December 29, 1942, giving ample time to the attorney to investigate the facts and the law, and nothing appearing to the contrary, we must assume that he did so. The record shows that no application for a continuance was made, and nowhere does it appear that the attention of the court was called to the fact, if it was a fact, that the defendant was under any incapacity, and no such was shown or alleged in the motion for a new trial.

But a still further interest is in connection with the present complaint about the confession. The confession was made to the witness Payne. On the cross-examination of the defendant, who testified in his own behalf on the issue of the competency of the confession, the following appeals on p. 95 of the transcript:

"Q. What you told Mr. Payne was the truth? A. Yes sir.

"Q. And you did commit this crime? A. Yes sir."

Affirmed, and Friday, January 26, 1945, is fixed as the day for the execution of the sentence.

PER CURIAM:—An appeal was taken to the Supreme Court of the United States from the order made herein on a former day, 20 So. (2d) 64, fixing the date for the execution of the sentence here imposed, but that court dismissed the appeal and remanded the case to this court. 323 U. S. —, 65 S. Ct. 590. The date for the execution of the sentence having passed, Thursday, May 31st, 1945, will be again fixed therefor.

So ordered.