CHRISTIAN & CRAFT COMPANY v. DANTZLER LUMBER
COMPANY ET AL.

1. ASSUMPSIT. *Joint plaintiffs. Death of one. Revivor. Waiver.*
    Where a defendant in an action of assumpsit has gone to trial with-
    out objection on account of a failure to revive in the name of the
    legal representative of one of the plaintiffs, who has died since
    the institution of the suit, the irregularity, if such it be, will be
    treated as waived.

2. SAME. *Revivor not required.*
    A revivor in the name of the administrator of one of several plain-
    tiffs in assumpsit, who has died since the institution of the suit, is
    unnecessary to the prosecution of the cause to judgment.

3. SAME. *Supreme court practice.*
    In an action of assumpsit by several plaintiffs, if one of them die,
    and judgment be taken in the names of the living plaintiffs and
    the administrator of the deceased, such judgment will not be
    reversed by the supreme court because there was no formal revivor
    of the suit in the name of the administrator.

4. WITNESS. *Nonresident. Continuance.*
    A continuance of a cause cannot rightfully be demanded because of
    the absence of a witness who resides out of the state.

FROM the circuit court of Jackson county.

HON. THADDEUS A. WOOD, Judge.

Dantzler Lumber Company and others, appellees, were plain-
tiffs in the court below.    Christian & Craft Co., appellant,
was defendant there.    The facts sufficiently appear from the
opinion of the court.

*Mayes & Harris*, for appellant.
*Green & Green*, for appellees.

TERRAL, J., delivered the opinion of the court.

This is an action of assumpsit, instituted by five persons
jointly against the defendant for the recovery of $1,005.47.

One of the plaintiffs, Henry Buddig, died pending the action. His death was suggested upon the record, and several orders were made by the court looking to a revivor as to him in the name of his administratrix, but no absolute order of revivor was ever entered, though the judgment recites that it is taken in the name of the other joint parties and in the name of Mrs. Buddig, as his administratrix.

1. The judgment is not defective because of want of an order of revivor in the name of Mr. Buddig's administratrix. If such revivor were necessary, the right to it was waived by the defendants in not objecting to proceeding to trial unless such revivor was made. That a revivor is not necessary in such cases is supported by Gould on Plead., sec. 61, ch. 4. That the taking of a judgment without a revivor is a mere irregularity, and that the want of a revivor is waived by not objecting in the trial court, is supported by good authority. Code, § 664; *Rice* v. *Shute*, 5 Bur., 2613; *Boson* v. *Tanford*, 2 Salk., 440, note *a*.

2. The testimony of Shaw, the nonresident witness, should have been taken by the defendant before the sitting of the court. The absence of this witness, at the trial term of the court, was not a matter of which the defendant can complain of the plaintiffs. The absence of the witness was, in our judgment no ground for a continuance, and the action of the court in that regard is not erroneous.

*Affirmed.*