SAXON *et ux. v.* ROBINSON.

(In Banc. April 22, 1946.)

[25 So. (2d) 776. No. 36102.]

Stevens & Calhoun, of Hattiesburg, and Jones & Ray, of Jackson, for appellants.

W. M. Hutto, of Waynesboro, for appellee.

**McGehee, J.,** delivered the opinion of the court.

This suit was brought by Benton Robinson against the appellants, J. B. Saxon and wife, Mrs. Nora Saxon, to cancel their claim of title through a tax sale to "1/3 of Block 47, in the town of Waynesboro, Mississippi" on account of the indefiniteness of such description.

At the conclusion of the trial of the case, the chancellor took the cause under advisement for the rendition of a decree in vacation. Thereafter, and before the decree was rendered, the complainant, Benton Robinson, died and the appellee was appointed as administrator of his estate. Thereupon the administrator filed a motion to revive the cause in his name, but it is not alleged that the land needed to be sold by the administrator to pay any debts of the estate upon the cancellation of the claim of title of the appellants. Nor is there any other fact alleged which would disclose that the administrator has any interest in the property here involved.

The motion to revive the cause in the name of the administrator was sustained, and a final decree rendered whereby the tax title claimed by the appellants was cancelled.

A reversal of the case is sought upon the ground that the cause should have been revived in the name of the heirs at law of Benton Robinson, deceased, before the final decree was rendered. The assignment of error is well taken. On the record before us the administrator had no interest in the real estate of the decedent, and if the final decree had been adverse to him it would not have been binding upon the heirs at law. Neither does the decree in his favor settle the rights of the appellants to the land, as between them and the heirs at law. It would seem that if a timely objection had been made and emphasized against the rendition of the decree until such time as the cause was duly revived in the names of the real parties in interest the same would have been sustained. At any rate, the decree cannot be upheld in favor of the administrator.

The cause must, therefore, be reversed and remanded in order that the same may be revived in the name of the heirs at law, if desired.

Reversed and remanded.