BURTON, et al. *v.* REDMOND, et al.

Division A.    Mar. 19, 1951.

No. 37573 (51 So. (2d) 210)

Dixon L. Pyles and Betty B. Tucker, for appellants.

160

**Howie, Howie & Montgomery,** for appellees.

162

**Lee, J.**

This controversy arose over a strip of land situated in an area described as the Compromise Survey of Cohea Estate, in the City of Jackson. Lelor Grant Burton and others, appellants, owned Lot 15. Dr. S. D. Redmond owned Lots 16, 17 and 18. These four lots were in the form of a trapezoid. Lot 15 was 50 feet wide, and 202 feet long on the south side. It was bounded on the east by Railroad Avenue, on the west by Hoskins or Salem Street, and on the south by the Redmond property.

By their suit in the county court, the appellants sought to eject Dr. Redmond from a strip of land 15 feet wide and 122 feet long off the south part of the west end of Lot 15. Before process was served Dr. Redmond filed his bill of complaint in the same court. He alleged that his land extended to a creek, which flows entirely across Lot 15. He prayed for ejectment of the appellants from the land south of the creek.

The two cases, by agreement, were consolidated and tried together, with the understanding that the judgment would settle and compose all rights of the litigants.

Dr. Redmond testified that, when he acquired his property in 1902, his grantor told him that the property extended to the creek. He erected a wire fence alongside the creek and enclosed his property. He immediately built a house on the east side near the creek. He erected another house on the west side. He anchored obstruc-

tions on the south bank of the creek to keep it from overflowing his property. About a year after appellants purchased 122 feet off the west end of Lot 15 and other property, Dr. Redmond made an addition to his house located on the west side. He testified that appellants neither objected thereto nor claimed the property for about eight years, until after a survey had been made about three months before the filing of their suit. Several witnesses gave corroboration to his claim of adverse possession.

On the contrary, appellants and their witnesses denied the asserted acts of possession. They maintained that there was no fence around the property when they made their purchase, and that they used the land themselves. They testified that, at the time Dr. Redmond made the addition to the house on the west side, they informed him that he was getting on their land. They admitted that they did nothing by way of ousting him until after the land had been surveyed.

The survey showed that about half of the house on the east side was built over the platted line, and that the addition to the house on the west part was north of that line.

In addition to hearing all of the evidence, the county judge viewed the premises. In his finding of fact and judgment, the court awarded a strip of land 16 feet by 21 feet, as described therein, to Dr. Redmond, and made certain his title to the east half of Lot 15 south of the creek. The award to the appellants was possession of a strip of land 16 feet wide and 101 feet long off the south end of the west half of Lot 15, the value of which was fixed at $250 without improvements. The value of the improvements thereon and taxes was fixed at $850 above mesne profits, etc. In so doing, evidently Sections 825 and 826, Code of 1942, were followed. The Court stated that such improvements could have easily been placed there by mistake.

█ █ Complaint is made that the trial court erred in allowing a value for improvements and taxes because

Dr. Redmond's claim to the premises was not under a deed, or contract of purchase, acquired or made in good faith, as contemplated by Section 825, Code 1942.

In considering this assignment, it must be remembered that the county judge was sitting as judge and jury and acting under Sections 825 and 826, supra. His findings, on the disputed issues, are sustained by the evidence. He was justified in concluding that Dr. Redmond was in good faith when he erected the addition to his house on the west side. Brunt v. McLaurin, 178 Miss. 86, 172 So. 309; Cole v. Johnson, 53 Miss. 94. And if appellees' evidence was believed appellants stood by without complaint or objection for eight years. In that event estoppel could also play a part.

The weight of Learned v Corley, 43 Miss. 687, cited by appellants, is nullified on account of Cole v. Johnson, supra, which overruled the former decision insofar as it is applicable to the principle involved here, for the Court there said: ". . . and, after mature reflection, we must announce our dissent from so much of the opinion as holds that the value of permanent improvements is not recoverable, where the defect in the title is discoverable by an examination of the records of the county." We think that other authorities cited by appellants are not in point on this question.

Complaint is also made that the trial court was in error in holding that there was no contest as to the east half of Lot 15 south of the creek, and in making Dr. Redmond's title thereto certain.

The answer to this assignment is that the declaration itself sought ejectment only from. 122 of the 202 feet. The opinion of the lower court says: ". . . plaintiffs conceded that they had lost title to defendant by adverse possession as to the east eighty feet of Lot 15 south of the creek." There is no way for us to say that such concession was not made. But, be that as it may, the evidence clearly showed that such loss had occurred.

On appeal to the circuit court, according to the record, counsel for the parties agreed to a hearing in vacation. After such hearing, the judgment of the county court was affirmed. ■■ ■ At that time, Dr. Redmond was, in fact, dead, but no suggestion to that effect was filed by either side. The appellants prosecuted their appeal to this court, and, in addition to the assignments already disposed of, they complained further that the circuit court erred in affirming the judgment of the county court, because Dr. Redmond was then dead.

The response to that contention has been a revivor here. Besides, the heirs, devisees and trustees of S. D. Redmond, deceased, as appellees have submitted themselves to the court and asked an affirmance of the judgment.

In the case of Christian & Craft Co. v. L. N. Dantzler Lumber Co., 78 Miss. 74, 28 So. 788, where one of five plaintiffs died pending the action, and no revivor was entered, but the judgment was taken in the name of the other plaintiffs and the deceased's administratrix, it was held that the judgment was not defective because of the want of an order of revivor in the name of the administratrix. It was there said: "If such revivor were necessary, the right to it was waived by the defendants, in not objecting to a proceeding to trial unless such revivor was made."

If a suggestion had been made to the circuit judge, he no doubt would have caused a proper order of revivor. But he can not be put in error for nonaction on a matter not even presented to him. Those who stepped into the shoes of Dr. Redmond are entitled to the rights inuring to his benefit, and must likewise suffer the liabilities adjudged against him. With all proper parties now before the Court, it would be a vain thing to remand the cause to the circuit court for correction of a mere defect in the judgment. Tucker v. Gurley, 176 Miss. 708, 170 So. 230.

This case is distinguished from Saxon, et ux. v. Robinson, 200 Miss. 321, 25 So. (2d) 776, for in that case, the administrator had no interest in the land, and there was

no settlement of the rights therein as between those appellants and the heirs at law. In the present case, all parties are now before the Court.

It follows that the judgment of the circuit court which affirmed the judgment of the county court ought to be, and is, affirmed.

Affirmed.