GUINN *et al. v.* GORDON *et al.*

(Division B. Nov. 13, 1939.)

[192 So. 25. No. 33868.]

W. B. Fontaine, of Jackson, for appellants.

Alexander & Satterfield, of Jackson, for appellees.

Argued orally by **W. B. Fontaine**, for appellants, and **J. A. Alexander, Jr.**, for appellees.

**McGehee, J.**, delivered the opinion of the court.

Mrs. Olivia Gordon Whitehead, at the time of her death, owned certain real estate situated in Holmes and Carroll Counties in the State of Mississippi, known as the Woodstock Plantation. She had executed a last will and testament, which is alleged to have been duly probated, and by the terms of which she devised and bequeathed said real estate to her daughter, Miss Mai Whitehead of Jackson, Mississippi. This instrument is not made an exhibit to the petition filed in the Chancery Court of Hinds County for a construction of the terms and provisions thereof, nor was it introduced in evidence on trial in the court below so far as the record here dis-

closes. The petition alleges, however, that the said last will and testament contained the following provisions:

"Item One. I give and devise to my daughter, Mai Whitehead, all my property, real, personal and mixed wherever situated, which is to include the plantation which I own in Holmes and Carroll Counties in the State of Mississippi, which is known as Woodstock Plantation, subject only to the conditions and restrictions hereinafter enumerated.

"Item Two. Should my daughter, Mai Whitehead sell the plantation mentioned in Item One, which consists of all of the lands I own in said Holmes and Carroll Counties in Mississippi, then one sixth of the proceeds from such sale, whether in cash or notes or securities of whatever kind, over and above whatever debts or mortgages may then be outstanding on the said plantation, shall be paid to Mrs. Mattie Whitehead Porter. If the said Mrs. Mattie Whitehead Porter shall not be living at the time of my death, then the said one sixth of the purchase price of the said plantation shall be paid to the then living heirs of the said Mattie Whitehead Porter, said heirs to take per stripes and not per-capita.

"Item Three. I intend hereby and herein to give and devise to my daughter Mai Whitehead absolutely all of my property including the said Woodstock Plantation in Holmes and Carroll Counties in the State of Mississippi, and the said Mai Whitehead shall have full power to hold the said property or to sell the same at such a time, and at such price, and on such terms as she may see fit, and to convey a good title to the purchaser thereof; but should such a sale be made of the said Woodstock Plantation, then I direct my daughter, Mai Whitehead to pay over one sixth of the proceeds arising from the said sale, over and above any debts outstanding against the said property, in the manner as set out in Item Two hereof."

Miss Mai Whitehead is alleged to have survived the testatrix, and it is not shown that she ever sold any of the land thus devised and bequeathed to her. It is neither

alleged in the petition nor otherwise shown by the record as to what year either the testatrix or devisee died, but it is alleged that the devisee, Miss Mai Whitehead, obtained a loan on the land from the Federal Land Bank and secured the same by a deed of trust. That, thereafter she departed this life leaving as her sole surviving heirs-at-law, Miss M. S. Gordon and Mrs. Vee B. Spencer, appellees herein, who subsequently sold the land for a consideration of $5,250, of which amount $2,626.39 was represented by a balance due under the deed of trust in favor of the Federal Land Bank, which was assumed by the purchaser.

The petition filed by the appellees sought a construction by the chancery court of the terms and provisions of the last will and testament to determine whether the petitioners should account to the appellants, who are the heirs-at-law of Mrs. Mattie Whitehead Porter, for one-sixth of the net proceeds of the sale of the land made by the appellees. The appellants filed an answer and cross-bill claiming not only one-sixth of the net proceeds of said sale, but also one-sixth of the proceeds of the loan received by Miss Mai Whitehead from the Federal Land Bank. No proof appears to have been offered to show whether the proceeds of the loan from the Federal Land Bank were used for the upkeep and improvement of the plantation or whether they were received and used by Miss Whitehead for other purposes. The court below decreed that the appellees were entitled to retain the entire net proceeds of the sale of the land made by them and which they received in excess of the amount of the indebtedness under the deed of trust assumed by their vendee; and further decreed that they were not liable to the appellants for one-sixth of the proceeds of the loan from the Federal Land Bank, but based the decision on the ground that the obligation of Miss Mai Whitehead to pay the same to the appellants out of the proceeds of such loan was a personal obligation, and for which the appellees could not be personally liable; and

then held that the estate of Miss Mai Whitehead was not liable therefor for the reason that the claim of appellants had not been probated within the time allowed by law.

We are of the opinion, however, that, without regard to the bar of any statute of limitation because of a failure to probate a claim, the decree of the court below, in so far as its ultimate effect is concerned in denying any relief to the appellants, is correct and should be affirmed, for the reason that the only condition upon which Mrs. Mattie Whitehead Porter, or her heirs-at-law, were entitled to receive one-sixth of the proceeds of the sale of the land was in the event Miss Mai Whitehead should sell it. She did not sell the land, and neither was there any obligation imposed upon her by the terms of the will to make a sale. She was given full power to hold it as her own property, absolutely and in fee. She alone was to determine whether there should be a sale, and upon what terms and at what price, and with the right to convey a good title. Having died without making a sale, the title became vested in her heirs-at-law in fee simple. It could not have been foreseen by the testatrix how many years the title might remain in Miss Mai Whitehead, and then by descent in her heirs from one generation to the next, without any sale ever being made, and it is not reasonable to suppose that the testatrix intended to fix a charge upon the land itself, and surely not in perpetuity, or to impose an obligation upon the heirs-at-law of the devisee for an unlimited period of time to pay one-sixth of the proceeds of the sale thereof to the appellants in the event it should be sold during the years to come. In other words, we are of the opinion that the testatrix only meant to provide by her will that in the event Miss Mai Whitehead should decide to sell the land instead of keeping it as her own for life, and thereafter to descend to her heirs, she should then be required to pay over to Mrs. Mattie Whitehead Porter, or to her heirs-at-law, one-sixth of the proceeds of any sale made by her.

Nor do we think that there was any restriction im-

posed that would deny to the devisee the right to mortgage the land, or that would require her to divide the proceeds of any loan that she might obtain thereon for the purpose of improving and operating the plantation or for other purposes. It is true that, under the general rule, a power to sell does not include the power to mortgage, but a different situation is presented where the person having the power to sell is vested with the absolute ownership of the property. One having only such a power coupled with an interest, instead of owning the fee, occupies a different relationship to those who are to be benefited by the exercise of the power. Unless the land had been sold by Miss Mai Whitehead, at her own discretion, the contingency could not arise whereby the appellants would be entitled to receive anything under the terms of the will in question.

Therefore it follows that the decree appealed from must be affirmed.

Affirmed.