WHITE v. STATE.

(In Banc. April 15, 1940.)

[195 So. 479. No. 33759.]

For former opinions see 192 So. 25 and 193 So. 910, not reported in State Reports.

No briefs of counsel found.

**McGehee, J.,** delivered the opinion of the court on motion.

This opinion is in response to a motion filed by the appellant to set aside a judgment rendered by the Court in banc on February 26, 1940, Miss., 193 So. 910, affirming his conviction of the crime of manslaughter, and which motion is predicated on the contention that this Court was without jurisdiction on that date to render such judgment, for the reason that pursuant to a former decision and judgment rendered by Division A of the Court on November 20, 1939, Miss., 192 So. 25, reversing and remanding the cause for a new trial, a mandate had been issued by the clerk here on November 25, 1939, and received by the clerk of the circuit court of Kemper County two days thereafter, directing the trial court to take such further proceedings in the case as, according

to right and justice, and the judgment of the Supreme Court based on the decision rendered by Division A thereof as aforesaid, and the law of the land, ought to be had. And the question now presented for decision is whether the court below, upon the receipt of the mandate and the docketing of the case for a retrial, was again vested with jurisdiction of the case so as to divest this Court of all power and authority to thereafter consider a suggestion of error which was filed by the state on December 20, 1939, when it is shown that, within the fifteen days allowed for filing a suggestion of error an extension of time, such as would allow a total of thirty days for filing the same, had been granted to the state under rule 14 of this Court, as shown by an order duly entered upon its minutes prior to the expiration of the original fifteen days allowed, and where it appears that no order has been entered here, nor notice given the court below, recalling such mandate at any time prior hereto.

Upon a consideration of the suggestion of error the three justices composing the said Division A of the Court, to which the same had been properly referred, were not in accord as to what disposition should be made thereof. Thereupon, according to the rule and practice established by the Court, the decision of reversal and remand was withdrawn, the judgment entered thereon set aside, and an order was duly entered, on February 5, 1940, submitting the cause for consideration by the Court in banc. No previous notice was given the appellant of the Court's intention to withdraw the opinion rendered by Division A on November 20, 1939, and to set aside the judgment entered thereon at that time, nor was such notice required. However, the counsel of record for the appellant and the attorney general on behalf of the state were duly notified that the cause was being submitted to the Court in banc for consideration, and at their request they were permitted to argue the same orally before Division B of the Court, prior to its consideration and decision by the Court in banc when the judgment and sentence ap-

pealed from was affirmed. It was not until thereafter that appellant's counsel became advised of the fact that said mandate had been issued on November 25, 1939, had been promptly received and filed by the clerk of the trial court, and the case again docketed for trial therein. Nor was he advised of the fact that the mandate had never been recalled by any order of this Court prior to the judgment of the Court in banc affirming the judgment of conviction and sentence. However, since the motion to set aside the said judgment of affirmance challenges the jurisdiction of the Court in the premises to render the same at the time of the rendition thereof, the question of knowledge in regard to the facts last above stated, or the want of such knowledge, becomes immaterial, in view of the fact that the right to raise the question of jurisdiction is not subject to waiver.

Section 3406 of the Code of 1930 provides that ''Every final judgment or decree rendered in any cause by the Supreme Court shall be certified by the clerk thereof to the clerk of the court from which the cause was brought, or to which it is remanded, within twenty days after the rendition of the judgment, if the costs accrued in the Supreme Court shall be paid to him, including all costs for which he may issue. execution. . . . and if the clerk of the Supreme Court fail to issue the certificate as required, he shall forfeit to the aggrieved party one hundred dollars, to be recovered by motion before the Supreme Court on five days' notice.''

The action of the clerk of this Court in promptly issuing and mailing the mandate in question to the clerk of the circuit court wherein the trial was had, and within twenty days from the date of the judgment theretofore rendered, was in accordance with the uniform practice in that regard, and of course such action was taken in the absence of any instruction from the Court to the contrary in the instant case. In other words, the necessity for interpreting and construing the said Section 3406, supra, with particular reference to when a mandate

should be issued in order for the clerk to comply with the meaning of the provisions of said statute is presented for the first time by the motion here under consideration; except, however, that in the case of Mobile & Ohio R. Co. v. Watly, 69 Miss. 475, 12 So. 558, the Court in construing the same provision contained in Section 1442 of the Code of 1880, as to the meaning of the term "final judgment," held that, "the final judgment or decree spoken of in section 1442 is one which puts an end to the cause in this court, i. e. disposes finally of the appeal."

It was true at common law, and the principle is now sustained by the weight of authority, that an order granting a rehearing in a proper case operates to reverse or vacate and set aside the original decision of the appellate court, 4 C. J. S., Appeal and Error, page 2041, Sec. 1441; and while a petition for a rehearing does not vacate or annul the judgment, it does, if seasonably filed, serve to suspend it from the date of the filing thereof, while the denial of such petition or motion for rehearing leaves the judgment in full force as of the time of its rendition. 3 Am. Jur. 352. And the rule is stated in 5 C. J. S., Appeal and Error, page 1562, Sec. 1997, as follows: "In the absence of a statute to the contrary, after a cause has been decided on appeal, the cause remanded, and the time prescribed for a rehearing has passed, the appellate court, as a general rule, has no jurisdiction to grant a rehearing, at least unless it first recalls the mandate for the purpose of reinvesting itself with jurisdiction." Thus, it is to be observed that the appellate court's loss of jurisdiction to grant a rehearing unless the mandate is first recalled is dependent upon whether "the time prescribed for a rehearing has passed" when the mandate was issued. A suggestion of error under rule 14 of this Court is, to all intents and purposes, but a request for a rehearing, and may be filed without an order of the Court if done within the original fifteen days allowed, or within the extended time granted by order of the Court therefor; and in such event it suspends the judgment and also the

effect and operation of any mandate issued thereon until the suggestion of error shall have been disposed of.

The statute, supra, is in this respect analogous to Section 13, Code of 1930, which provides for an appeal to the Supreme Court from all final judgments of a circuit court, and yet a motion for a new trial suspends the operation of the judgment and it does not become final so that an appeal may be taken therefrom until the motion for a new trial is overruled. Moore v. Montgomery, Ward & Co., 171 Miss. 420, 156 So. 875.

An appellate court may recall its mandate where it has been inadvertently issued, or where it has been prematurely and erroneously issued before the expiration of the time allowed for a rehearing. 5 C. J. S., Appeal and Error, page 1561, Sec. 1996. While many Courts have held that an appellate court has no power to recall its mandate regularly issued, in order to reconsider its decisions, these cases are not authority for the proposition that a mandate inadvertently or prematurely issued may not be recalled. The rule of the earlier cases in New York is stated in Legg v. Overbagh, 4 Wend., N. Y. 188, 21 Am. Dec. 115, as follows: ''When a remittitur has regularly issued, and the proceedings have been sent down to the court below, this court has no longer any control over the cause; the court below has become repossessed of it, and the jurisdiction of the court over it has ceased. It is otherwise when the remittitur has issued irregularly. When issued irregularly, in contemplation of law, the proceedings remain here, and the order or decree made will of course be superseded; the remittitur issued not being considered the act of the court.''

But the present rule in that state is stated in the case of Franklin Bank Note Company v. Mackey, 158 N. Y. 683, 51 N. E. 178, as follows: ''There is a very general misapprehension as to the practice of the court on motions for reargument or to amend the remittitur. It is often erroneously assumed that after the filing of the

remittitur in the court below, and order entered thereon, this court is deprived of all jurisdiction in the cause.''

In the case of Chapman v. St. Stephens Protestant Episcopal Church, Inc. et al., 105 Fla. 683, 136 So. 238, 138 So. 630, 139 So. 188, 145 So. 757, 84 A. L. R. 566, wherein the Court overruled a number of its previous decisions, the question presented was whether the supreme court of Florida had jurisdiction or power to modify or change its own judgment of reversal during the term at which such judgment was rendered, for error committed which required such change of its judgment in order to prevent a miscarriage of justice, where a mandate had been issued and lodged in the lower court. The court there held that the jurisdiction of the supreme court persists to the end of the term, and then terminates; that during the term at which a judgment was rendered, the court has jurisdiction and power which it may exercise, as the circumstances and justice of the case may require, to reconsider, revise, reform, or modify its own judgments for the purpose of making the same accord with law and justice, and that it has power to recall its own mandate for the purpose of enabling it to exercise such jurisdiction and power in a proper case.

At any rate, under the authority of the case of Mobile & Ohio R. Co. v. Watly, supra, the construction and interpretation which we think should be given said Section 3406, of the Code of 1930, requiring the clerk of this Court to certify, within twenty days after rendition, every final judgment or decree rendered in any cause herein to the clerk of the Court from which the cause is brought, or to which it is remanded, is that he is required to do so within that period of time after any suggestion of error shall have been disposed of, or, if none has been filed, that he shall then certify the judgment and issue the mandate, within the period so prescribed, after the time allowed under the rule for filing a suggestion of error, or the extended time granted under an order of the Court for that purpose, shall have expired. This construction will

obviate any complication that might otherwise be occasioned by the premature issuance of a mandate and the mailing of the same to the clerk of the trial court with directions to take further proceedings on a judgment which has not here become final. For instance, in the case at bar sufficient time elapsed between the filing of the mandate of November 25, 1939, with the clerk of the lower court and the setting aside of the judgment of reversal and remand here to have enabled the trial court to have given the appellant another trial under the directions of such mandate, without knowing what proceedings were being taken here toward the final disposition of the appeal. Likewise, it may be readily seen that the premature issuance of a mandate upon the affirmance of a judgment in a civil case may result in the seizure and sale of property under execution prior to the consideration and final action by this Court on a suggestion of error, and which action here might ultimately result in the judgment being reversed. Manifestly, it was neither the desire nor intention of the legislature, in the enactment of the statute in question, to regulate or limit the jurisdiction of the Supreme Court in the matter of entertaining timely suggestions of error for the purpose of reconsidering, modifying or changing its decisions and judgments, as the circumstances and justice of the case may require. Nor can it be the purpose of the statute to give finality to decisions and judgments of the Court, in advance of the final disposition of appeals, by the simple expedient of requiring the clerk to issue a mandate and lodge the same with the trial court within a prescribed time, with the alleged effect of divesting the appellate court of its jurisdiction and reinvesting the trial court therewith. Moreover, the legislature has re-enacted the statute since the Court defined a final judgment or decree within the meaning thereof in the case of Mobile & Ohio R. Co. v. Watly, supra, thereby adopting such construction. Hence, any mandate issued prior to the date on which a judg-

ment or decree of the Supreme Court becomes final cannot operate to divest it of jurisdiction.

The only case that we have found where the Court was dealing with the effect of a mandate issued by the clerk of an appellate court and lodged with the clerk of the trial court pursuant to a statute requiring the former to transmit the record from the appellate court within a stated time after the rendition of a decision is the case of Ott v. Boring, 131 Wis. 472, 110 N. W. 824, 111 N. W. 833, 835, 11 Ann. Cas. 857, wherein the Court said that "the effect of the statute is to impose upon the clerk the duty, as an officer of the law, to transmit the record at any time within 60 days after the decision of the court, subject, within that period, to such order as the court may make in protection of proper opportunity to make motions for rehearing, whether strictly such or of that nature, so that, whenever the clerk, without disobedience of any such order or rule of court, does, as in this case, transmit the record within the 60 days, it is regularly and lawfully transmitted, and the jurisdiction of this court is terminated." The decision in that case, however, is not contrary to views hereinbefore stated by us in regard to the proper construction of our statute for the reason that no authority is granted for lawfully transmitting a mandate thereunder to the clerk of the trial court until the judgment or decree on which the same is based shall have first become final.

The power of the Court over its decisions and judgments after they have become final to the extent of empowering the clerk to issue the mandate and deliver the same to the clerk of the trial court under the authority of the statute, supra, as hereinbefore construed, and until the end of the term is not here involved. All we decide is that under the facts presented by this motion and our construction of the statute under which the mandate is purported to have been issued, the Court was not without jurisdiction to render the judgment now complained of.

But it is urged in support of this motion that the failure of the court to recall the mandate herein either prior to the judgment of affirmance on February 26, 1940, or before the expiration of the September Term of the Court, during which all of the proceedings hereinbefore mentioned were had, and which term ended before the first Monday in March, 1940, had the effect of depriving the court of the power now to recall the same, with the result that the trial court is said to be reinvested with the jurisdiction to try the case again, pursuant to the terms of the mandate now outstanding. Responding to that contention, it should be noted that an order was entered on the minutes of this Court on February 26, 1940, to the effect that "All matters not disposed of are hereby continued to the March, 1940, Term." Thus, it will be seen that the Court still has such power to recall the mandate as it possessed during the September Term thereof; and the whole matter, being still in Court, may be disposed of under an amended or a new mandate. It is our opinion that the clerk may now issue such a mandate, under the judgment of affirmance rendered by the Court in banc on February 26, 1940, in lieu of the former mandate, and which shall be effective ipso facto to revoke and recall the same. It is so ordered, and the motion to set aside the judgment referred to is hereby overruled.