BURTON, et al. *v.* REDMOND, et al.

April 19, 1954

No. 39177          61 Adv. S. 4          71 So. 2d 772

*Pyles & Tucker,* Jackson, for appellants.

*Howie, Howie & Montgomery,* Jackson, for appellees.

KYLE, J.

This is the second time this case has been before us on appeal.

Lelor Grant Burton and others, plaintiffs, filed an action in ejectment in the county court of Hinds County against S. D. Redmond, as defendant, to eject the defendant from a certain parcel of land in the City of Jackson including a strip of land 16 feet wide and 101 feet long off the south end of the west half of Lot 15 of the Compromise Survey of the Cohea Estate. Redmond, a few days later, filed a suit in the same court against the plaintiffs in the ejectment suit and asked that he be declared the rightful owner of the land. The two cases were consolidated and tried together, and a judgment was rendered on December 14, 1946, awarding to the Burtons the above mentioned strip of land, on which Redmond had erected certain improvements. The value of the land without improvements was assessed at $250. The value of the improvements was fixed at $850, and Redmond was awarded a lien upon the property for that amount. Redmond was given the right to pay to the plaintiffs in the ejectment suit the above mentioned $250 and to have the execution of the judgment for the recovery of the land perpetually stayed, unless the plaintiffs within three months from the date of the judgment should pay to Redmond, or into the registry of the court, the sum of $850 as compensation for the improvements.

The Burtons appealed from that judgment to the circuit court and the circuit court affirmed the judgment. The Burtons then appealed with supersedeas from the judgment of the circuit court to this Court. This Court on March 19, 1951, affirmed the judgment of the circuit

court. See Burton, et al. v. Redmond, et al., 211 Miss. 158, 51 So. 2d 210. In the meantime Redmond had died, and his heirs, devisees and trustees having entered their appearances in the cause, were recognized as his successors in interest for the purposes of the above mentioned appeal.

On March 22, 1951, the appellants filed a motion asking for 15 days additional time within which to file a suggestion of error, pursuant to Rule 14 of the Revised Rules of this Court, and such additional time was granted. The suggestion of error was filed on April 13, 1951, and after being considered by the Court was overruled on May 7, 1951. On June 29, 1951, the appellants paid to the Clerk of this Court the court costs accrued on the appeal, amounting to $99.75, and on June 30, 1951, the appellants paid to the clerk of the circuit court, and caused to be deposited in the registry of said court, the sum of $875, to cover the $850 awarded to Redmond by the judgment of the county court and $25 damages.

In the meantime, the appellees' attorneys on June 29, 1951, paid into the registry of the circuit court the sum of $250, which represented the assessed value of the above mentioned strip of land without improvements; and on the same day the appellees' attorneys filed a petition in the circuit court asking that said sum be accepted in full satisfaction of the judgment, and that the court costs be paid out of the funds thus deposited and that the balance of said funds be distributed among the appellants, and that an order be entered perpetually staying the execution of the judgment in favor of the appellants for the recovery of the strip of land. An order to that effect was signed by the circuit judge. A motion was later filed by the appellants to set aside the last mentioned order on the ground that the order had been prematurely entered without lawful authority and that the order was void; and the appellants asked that a writ of possession be issued. The appellees filed a written

answer to the motion of the appellants to set aside the above mentioned order; and the appellees asked that the order perpetually staying the execution of the judgment for the recovery of the land be reaffirmed. On March 26, 1952, the circuit court by an order duly entered upon its minutes remanded the cause to the county court for such proceedings and orders as might be proper.

Lelor Grant Burton died on September 5, 1952, and the cause was revived as to her in the name of her administrator.

On January 13, 1953, the county court entered an order, which recited that the plaintiffs had paid the sum of $875 into the registry of the court within the time required, in full settlement of all sums awarded to the defendants and appellees as compensation and damages, and that the plaintiffs were entitled to the possession of the strip of land; and the court ordered that a writ of possession be issued to put the plaintiffs in possession. From that judgment the defendants and appellees appealed to the circuit court. The cause was heard on appeal by the circuit court on June 12, 1953; and the court entered a judgment setting aside the order of the county court, and in its judgment the court ordered that the execution of the judgment in favor of the plaintiffs for the recovery of the land be perpetually stayed.

The circuit court, in a formal opinion which was made a part of the record, held that the judgment rendered by this Court on March 19, 1951, became final on the date of its rendition, and that the county court was manifestly in error in holding that the Burtons had timely paid into the registry of the court the above mentioned sum of $875 and in ordering the issuance of a writ of possession in their favor. The court held that the filing of the suggestion of error after the rendition of the judgment of this Court on March 19, 1951, did not have the effect of suspending the judgment of affirmance, and that the three months period of time allowed for the payment of the

above mentioned $875 had expired prior to the payment of same into the registry of the court on June 30, 1951.

From the judgment entered by the circuit court setting aside the judgment of the county court and ordering that the execution of the judgment in favor of the plaintiffs for the recovery of the strip of land be perpetually stayed, the plaintiffs have prosecuted this appeal.

The main point argued by the appellants' attorneys as ground for reversal on this appeal is that the circuit court erred in holding that the three months period of time allowed by the county court in the original judgment for the payment of the $850 had expired prior to the payment of said sum of money into the registry of the court on June 30, 1951, and in ordering that the execution of the judgment in favor of the appellants for the recovery of the strip of land be perpetually stayed.

We think that the circuit court was in error in holding that the three months period of time allowed for the appellants to pay the $850 had expired prior to the date of the payment of said sum into the registry of the court on June 30, 1951, and that the court erred in ordering that the execution of the judgment in favor of the appellants for the recovery of the land be perpetually stayed.

The general rule relative to the effect of an appeal upon the time allowed for the performance of a condition in a judgment is stated in 3 Am. Jur., p. 191, Appeal and Error, par. 527, as follows:

"The general rule is that an appeal suspends the time allowed by the judgment or order appealed from for the performance of a condition affecting a substantive right or obligation, so that the party who is to perform the condition has, for its performance, the specified time commencing from the time that the judgment or order of the appellate court becomes effective. There appears to be some diversity in the cases as to the exact time from which the time to perform a condition commences

to run after an appeal, due, probably, to the difference in appellate procedure in different states.''

In the case of White v. State, 190 Miss. 589, 195 So. 479, the Court had under consideration the effect of the filing of a suggestion of error on the issuance of a mandate by the clerk and the mailing of same to the clerk of the lower court, as required by Section 3406, Code of 1930 (Section 1990, Code of 1942), before such suggestion of error had been disposed of by this Court; and the Court in its opinion said:

''A suggestion of error under Rule 14 of this Court is, to all intents and purposes, but a request for a rehearing, and may be filed without an order of the Court if done within the original fifteen days allowed, or within the extended time granted by order of the Court therefor; and in such event it suspends the judgment and also the effect and operation of any mandate issued thereon until the suggestion of error shall have been disposed of.

''The statute, supra, is in this respect analogous to Section 13, Code of 1930, which provides for an appeal to the Supreme Court from all final judgments of a circuit court, and yet a motion for a new trial suspends the operation of the judgment and it does not become final so that an appeal may be taken therefrom until the motion for a new trial is overruled. Moore v. Montgomery Ward & Co., 171 Miss. 420, 156 So. 875.''

The appeal with supersedeas taken by the appellants in this case from the judgment of the county court suspended the operation of the judgment for the payment of the $850 until the appeal was finally disposed of by this Court; and the appellants had three months from the date the judgment of this Court became final within which to pay the money into the registry of the court. The filing of the suggestion of error on April 13, 1951, suspended the operation of the judgment rendered by this Court on March 19, 1951, until the suggestion of error was disposed of. The suggestion of error was dis-

posed of on May 7, 1951. It was at that time that the judgment of this Court became final. White v. State, supra. The appellants paid into the registry of the court the above stated amount of $850 within the three months period of time allowed after the judgment became final; and the appellants were entitled to the possession of the property.

The right of the appellees to pay into the registry of the court the sum of $250, which represented the assessed value of the land, exclusive of the improvements, and to have the execution of the judgment in favor of the appellants for the recovery of the land perpetually stayed, was contingent upon the failure of the appellants to pay into the registry of the court the above mentioned $850 within the three months time allowed. That right was defeated by the appellants' action in paying the $850 into the registry of the court within the three months period of time allowed.

The appellants having paid the $850 into the registry of the court were entitled to possession of the strip of land involved in the controversy and were entitled to have a writ of possession issued therefor.

The appellees should have been taxed with the court costs accrued on the original trial of the consolidated causes in the county court, as provided in the judgment rendered on December 14, 1946, which was affirmed by the circuit court and by this Court on appeal. And the appellees will be taxed with the costs accrued on this appeal.

The appellants have undertaken to reargue on this appeal the questions decided by this Court on the former appeal. But we think that the case that was before us on the former appeal was correctly decided; and the opinion rendered on that appeal constitutes the law of the case as to the issues decided on that appeal.

For the reasons stated above, the judgment of the lower court is reversed and the cause is remanded for

further proceedings in conformity with the views herein expressed.

Reversed and remanded.

All Justices concur.