DECKER, APPELLANT *v.* BRYAN BROS. PACKING COMPANY, et al., APPELLEES

No. 42948 April 13, 1964 162 So. 2d 648

*H. T. Carter, H. K. Van Every,* Columbus, for appellant.

*Thomas J. Tubb,* West Point, for appellees.

PATTERSON, J.

This is a workmen's compensation case on its second appearance before this Court, the first being decided on April 2, 1962, wherein the Court affirmed an award of the attorney-referee in favor of the claimant. The decision of April 2, 1962, provided that the employer and carrier pay to appellant compensation for permanent disability at the rate of $20 per week beginning October 15, 1960, and to continue during his disability as provided by Sec. 8(c) (25) of the Mississippi Workmen's Compensation Act as amended, and to further pay the appellant compensation for temporary and total disability at the rate of $32.50 per week from April 2, 1960 to October 15, 1960, as provided by Sec. 8(b) of the Act.

A suggestion of error was filed in regard to this decision which was overruled on April 23, 1962.

On May 7, 1962, the appellees filed a petition before the Workmen's Compensation Commission as is authorized by Sec. 21 of the Workmen's Compensation Law, Sec. 6998-27, Miss. Code 1942, as amended, to reconsider the degree of permanent impairment of the appellant.

On May 15, 1962, inquiry was made by the appellant to the clerk of this Court as to why the mandate had not been sent to the Commission. Appellant was advised by the clerk that appellees had to first pay the costs of court before the mandate would be sent down, and that they had until May 24, 1962 in which to pay such costs.

On May 17, 1962, appellant filed a motion with the Commission under the authority of Sec. 13(f) of the Act to require appellees to pay a twenty percent penalty in addition to the award.

On June 13, 1962, the mandate was received by the Commission, appellees having paid the cost of court. On June 22, 1962, the amount awarded by this Court was paid. On this same date, compensation payments were stopped by the appellees without giving claimant notice as required by Sec. 13(c) of the Act, whereupon the appellant filed a motion under Sec. 13(e) of the Act requesting an additional ten percent penalty for suspension of payment without notice.

A hearing was had before the attorney-referee. His order refused the twenty percent penalty under Sec. 13(f) of the Act but he did allow the ten percent penalty under Sec. 13(e) thereof. An appeal was taken to the full Commission, and the Commission entered its order affirming the disallowance of the twenty percent penalty and reversing the attorney-referee's order as to the ten percent penalty. This order was affirmed by the circuit court. Feeling aggrieved by this decision the claimant appeals here.

There are two questions to be decided by this Court in regard thereto: (1) When does a decision of this Court become final so that the time interval provided in Sec. 13(f) may be computed, and (2) does the filing of a petition for reconsideration of the degree of permanent impairment authorize the suspension of payments without notice to claimant, such notice being required by Sec. 13(e) of the Act and which provides for a ten percent penalty for its violation?

We address ourselves to the first question. Sec. 13(f) of the Act provides as follows: "If any installment, payable under the terms of an award, is not paid within fourteen (14) days after it becomes due, there shall be added to such unpaid installment an amount equal to twenty per centum (20%) thereof, which shall be paid at the same time as, but in addition to, such compensation, unless review of the compensation order making such award is had."

On April 2, 1962, this Court affirmed the award to appellant by the Commission. A suggestion of error thereon was overruled by this Court on April 23, 1962. The award became final and binding upon appellees on the date the suggestion of error was overruled. Burton v. Redmond, 220 Miss. 704, 71 So. 2d 772.

All of the conditions of Sec. 13(f) of the Act were present when the appellees failed to pay the award within fourteen days after the judgment of this Court became final on April 23, 1962. Sec. 13(f) expressly states that the payment of an award must be made "within fourteen (14) days after it becomes due." The award became due on the date this Court overruled the suggestion of error of appellees to our original judgment and this was the date the final judgment of this Court became final and binding on all parties. The statute does not date the due date of the award from the time of receipt of the mandate but from the date "the award becomes due.

 █ We hold, therefore, that the Commission erred in not awarding the twenty percent penalty. Appellees contend, however, that the date of the issuance of the mandate of the Supreme Court should be used in computing the fourteen day period within which an award become due, and since payment of the award was made within fourteen days of the issuance of the mandate, the penalty should not be added thereto. With this we cannot agree. It is our opinion and we so hold that a decision of this Court becomes final upon the passage of time in which a suggestion of error could be filed, this being within fifteen days after an opinion is handed down, Rule 14, Revised Rules of the Supreme Court of Mississippi, or in the event a suggestion of error is filed which is not sustained, the decision becomes final upon its being overruled. Burton v. Redmond, supra.

The Court has the inherent right to determine the finality of its own decisions and this right should not be delegated to one liable for court costs. To so hold would enable such person, as here, to delay the payment of an award legally due by the simple device of refusing to pay the costs so that a mandate could not be issued. An execution could issue for the costs thus forcing the issuance of a mandate, but this is time-consuming to say the least, and certainly not the payment "within fourteen (14) days after it becomes due," as intended by the Legislature. The fact that Rule (H) of the Commission provides that the mandate or judgment of the court must be filed by the parties with the Commission before the latter will take notice of the mandate or judgment can have no effect on the time when the judgment of this Court becomes final or upon the plain terms of Sec. 13(f).

 █ The second question to be decided here is in regard to an award of a ten percent penalty for the violation of Sec. 13(e) of the Act is answered in the negative since this was a payment of compensation under

an award of the attorney-referee. Sec. 13(e) of the Act and the ten percent penalty thereunder is applicable to compensation payments without an award, and, as such, is not applicable here.

The judgment of the lower court is reversed insofar as it did not award the twenty percent penalty under Sec. 13(f) of the Act, the same to be computed from the date of the overruling of the suggestion of error until payment of the award less fourteen days. The lower court is affirmed in all other respects.

Reversed in part and affirmed in part and remanded to the Commission for further proceedings not inconsistent with this opinion.

*Lee, C. J., and Ethridge, Rodgers and Brady, JJ.,* concur.