IN THE SUPREME COURT OF MISSISSIPPI
NO. 94-CA-00971-SCT

*MISSISSIPPI TRANSPORTATION COMMISSION, EX REL., MIKE MOORE, ATTORNEY GENERAL, STATE OF MISSISSIPPI*

*v.*

*RHONDA ALLDAY*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/22/94 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLENE PIERCE |
| ATTORNEYS FOR APPELLEE: | LARRY O. NORRIS |
| | JOHN M. DEAKLE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED- 5/14/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/15/98 |

**EN BANC.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

¶1. This appeal arises from a March 22, 1994 order of the Jones County Circuit Court, finding that the Mississippi Department of Transportation caused or contributed to injuries sustained by Rhonda Allday in a September 13, 1992 accident. At issue is the state of the law of sovereign immunity on the date of the accident. This Court's decision in ***Presley v. Mississippi State Highway Commission***, 608 So. 2d 1288 (Miss. 1992), finding the immunity provisions of Miss. Code Ann. § 11-46-6 unconstitutional, was handed down on August 31, 1992 and the petition for rehearing in that case was denied on December 3, 1992. In response to ***Presley***, a revised version of § 11-46-6 was passed by the Legislature on September 16, 1992, three days after Allday's accident. The Transportation Commission, aggrieved by the judgment against it, therefore asks this Court to consider:

> I. Whether the decision in ***Presley v. Mississippi State Highway Commission*** should be applied prospectively from the time the initial opinion was issued or from the time the petition for

rehearing was denied; and

II. Whether the retroactive declaration of sovereign immunity in § 11-46-3 bars sovereign immunity claims against the State and its subdivisions which predate July 1, 1993?

Allday, on cross-appeal, challenges the adequacy of the jury's $160,000 judgment, which made no provision for pain and suffering or disfigurement, and the circuit court's denial of her motion for additur. Accordingly, she raises the following issue:

I. Whether the lower court committed error by refusing to grant an additur;

A. Whether the jury was bound under the law to award damages for pain and suffering and disfigurement; and

B. Whether the jury was bound to award damages for total loss of wage-earning capacity?

## STATEMENT OF THE FACTS

¶2. Twenty-one year old Rhonda Allday was seriously injured on the morning of September 13, 1992, when the car her husband was driving struck a pothole on Highway 11 near their home in Moselle, Mississippi, and careened into a concrete bridge abutment. She sustained permanent and disfiguring injuries to her jaw and hip; a broken ankle and wrist; and internal injuries which required the removal of her spleen and repair of her liver. She was hospitalized for two months and remains limited in her activities because of her injuries.

¶3. Allday filed suit against the Mississippi Transportation Commission on January 28, 1993 in the Jones County Circuit Court, alleging that the Commission was negligent in its construction and maintenance of the highway and the bridge. The Commission responded with a motion to dismiss, asserting that Allday's claim against it was barred by sovereign immunity. The circuit court denied the Commission's motion on August 19, 1993.

¶4. Trial was set for March 7, 1994. On February 2, 1994, the Commission filed a motion for summary judgment, again asserting that suit against it was barred by sovereign immunity. It further asserted that the agency had not purchased liability insurance or otherwise waived its immunity. Allday opposed the motion, relying upon this Court's decision in ***Presley v. Mississippi State Highway Commission,*** 608 So. 2d 1288 (Miss. 1992). After a two-day trial, the jury found that the Commission "was negligent and that such negligence caused or contributed to" Allday's injuries. The word "contributed" was underlined on the special verdict form. Allday was awarded $110,000 for medical expenses (past and future) and $50,000 for lost earning capacity (past and future).The jury expressly provided no award for pain and suffering, physical or mental, loss of capacity for enjoyment of life or bodily disfigurement.

¶5. The Commission filed a motion for J.N.O.V., while Allday filed a motion for additur, or in the alternative, for a new trial on the issue of damages. On March 28, 1994, the circuit court entered the final judgment as announced in the jury's verdict. Both parties timely appealed and cross-appealed to this Court.

## LAW

I. WHETHER THE DECISION IN *PRESLEY v. MISSISSIPPI STATE HIGHWAY COMMISSION* SHOULD BE APPLIED PROSPECTIVELY FROM THE TIME THE INITIAL OPINION WAS ISSUED OR FROM THE TIME THE PETITION FOR REHEARING WAS DENIED; AND

II. WHETHER THE RETROACTIVE DECLARATION OF SOVEREIGN IMMUNITY IN § 11-46-3 BARS SOVEREIGN IMMUNITY CLAIMS AGAINST THE STATE AND ITS SUBDIVISIONS WHICH PREDATE JULY 1, 1993?

¶6. The Transportation Commission raises a two-fold argument in support of its contention that Allday's claim against it was barred by sovereign immunity. It first asserts that this Court's prospective ruling in *Presley v. Mississippi State Highway Commission*, 608 So.2d 1288 (Miss. 1992) (decided on August 31, 1992 and petition for rehearing denied on December 3, 1992), precludes its application to a cause of action arising on September 13, 1992. The Commission contends that *Presley's* prospective-only dictate should apply from the time the petition for rehearing was denied, after Allday's accident. The Commission also asserts that the Legislature's retroactive amendment on September 16, 1992 of Miss. Code Ann. § 11-46-3 revives the cloak of immunity taken away by *Presley*. This Court agrees with the Commission's first argument, and we accordingly find it unnecessary to address its second argument.

¶7. Mississippi Rule of Appellate Procedure 41(a) provides that:

> The mandate of the Supreme Court shall issue 21 days after the entry of judgment unless the time is shortened or enlarged by order. .... The timely filing of a motion for rehearing will stay the mandate until disposition of the motion, unless otherwise ordered by the Court. If the motion is denied, the mandate will issue seven (7) days after entry of the order denying the motion unless the time is shortened or enlarged by order.

The petition for rehearing in *Presley* was denied on December 3, 1992, and this Court's mandate was issued on December 11, 1992.

¶8. In *Decker v. Bryan Brothers Packing Company*, 249 Miss. 6,9, 162 So.2d 648, 650 (1964), this Court held that, for the purposes of that case, "[t]he award became due on the date this Court overruled the suggestion of error of appellees to our original judgment and this was the date the final judgment of this Court became final and binding on all parties." This Court also noted in *Decker* that "[t]his Court has the inherent right to determine the finality of its own decisions . . .". *Decker*, 249 Miss. at 10. Thus, this Court is not irrevocably bound to any specific date of finality with regard to all cases, but, as a general matter, an opinion of this Court should not be considered final until the parties and this State's bar have had an opportunity to respond to the opinion.

¶9. Allday would have this Court create a brief window of opportunity for the abolishment of sovereign immunity prior to the Legislature's re-enactment of sovereign immunity in response to *Presley.* This Court considers it improper, however, to enforce our holding in *Presley* regarding this important issue of Mississippi law prior to the final resolution of the case. This Court therefore holds that our decision in *Presley*, finding Miss. Code Ann. § 11-46-6 to be unconstitutional, did not become effective until the petition for rehearing was denied on December 3, 1992. As in *Decker*, this

date was the date on which "this Court overruled the suggestion of error of appellees to our original judgment and this was the date the final judgment of this Court became final and binding on all parties." *Decker*, 249 Miss. at 9.

¶10. Given that the present cause of action arose on September 13, 1992, this Court should properly apply pre-*Pruett* law to the facts of the present case pursuant to § 11-46-6. Given that there is no indication that any of the traditional exceptions to the defense of sovereign immunity applies to the case at bar, this Court finds that the Commission did in fact enjoy the protection of sovereign immunity in the present case. The judgment of the trial court below is accordingly reversed and judgment rendered in favor of the Commission. In light of this reversal, this Court considers it unnecessary to consider the remaining points of error on appeal.

¶11. **REVERSED AND RENDERED.**

**SULLIVAN, P.J., BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARTE WRITTEN OPINION JOINED BY PITTMAN, P.J. WALLER, J., NOT PARTICIPATING.**


**McRAE, JUSTICE, DISSENTING:**


¶12. I disagree with the majority's conclusion that the Transportation Commission was protected by sovereign immunity on the date of Allday's accident. Allday was injured on September 13, 1992, three days before the Legislature passed a revised version of Miss. Code Ann. § 11-46-6 and two weeks after our decision in *Presley v. Mississippi State Highway Comm'n*, 608 So. 2d 1288 (Miss. 1992). Since *Presley* was prospective, there is a window period between the time we found the statute unconstitutional and when the legislature attempted to remedy the problem. Moreover, because only a plurality of this Court approved the prospective application of the decision in that case, that part of the decision noting its prospectiveness had no precedential value until *Coplin v. Francis,* 631 So. 2d 752, 755 (Miss. 1994). *See Churchill v. Pearl River Basin Development District,* 619 So. 2d 900, 904-905 (Miss. 1993)("plurality vote does not create a binding result," so Part II of *Presley* decision, addressing prospective application, has no precedential value). The circuit court therefore properly allowed the case to go to trial and the only issue remaining to be resolved is whether the jury verdict adequately compensated Allday for her injuries.

¶13. The majority opinion neglects to point out that the Commission raised the identical arguments in an interlocutory appeal from the Yazoo County Circuit Court's denial of its motion to dismiss a similar claim against it arising from a September 4, 1992 accident. In that case, the circuit court's decision was affirmed by an unpublished order of this Court. *Mississippi Transportation Comm'n v. Murtagh,* 659 So. 2d 893 (Miss. 1995). Now, almost three years later, after a jury trial which resulted in an award of damages, we find in a *published* opinion that sovereign immunity bars a cause of action which arose nine days prior to Murtagh's accident, but still within the same window between this Court's decision in *Presley* on August 31, 1992 and the Legislature's repeal of the statute found unconstitutional and its passage of the revised version of § 11-46-6 on September 16,

1992. That our unpublished orders and opinions are of no precedential value does not warrant conflicting results where the facts are so similar and the same issues have been raised.

¶14. Rhonda Allday was injured on September 13, 1992. Since *Presley* was decided on August 31, 1992, her cause of action accrued after our decision in that case, which a plurality of this Court held to apply prospectively. We are not bound, therefore, to apply pre- *Pruett* case law. The Legislature's response to *Presley*, a revised version of §11-46-6, has no bearing on the case *sub judice*, since it was enacted on September 16, 1992, *after* Allday's accident. Both art. I, § 10 of the United States Constitution and art. III, § 16 of the Mississippi Constitution of 1890 restrict the retroactive application of new laws. *Stamper v. Edwards,* 607 So. 2d 1141, 1148 (Miss. 1992). As this Court stated in *State ex rel. Moore v. Molpus*, 578 So. 2d 624, 643 (Miss. 1991), "[w]e take it as an article of faith and law that *ex post facto* laws are bad practice." Application of the revised statute, therefore, is an improper retroactive application of the law.

¶15. The majority holds that the prospective application of *Presley* dates from the issuance of the December 11, 1992 mandate denying the petition for rehearing,[1] in conflict with our internal rules as we apply them to the 270/180 day statute, wherein we base compliance with our deadlines on the date of the first decision of the court rather than the date of the mandate. Relying on *Decker v. Bryan Brothers Packing Co.,* 249 Miss. 6, 162 So. 2d 648 (1964), the majority then suggests that "this Court is not irrevocably bound to any specific date of finality with regard to all cases, but, as a general matter, an opinion of this Court should not be considered final until all the parties and this State's bar have had an opportunity to respond to the opinion." Such flawed logic invites ambiguity in determining the finality of judgments. It is a particularly ironic finding in this case, where the Legislature responded by passing a revised statute just two weeks after the initial decision was handed down, without awaiting the outcome of the petition for rehearing. Moreover, for the purpose of interpreting our own internal rules, we have defined "opinion on the merits" as "the first decision announced by the Court and DOES NOT contemplate a decision/opinion on rehearing or the issuance of the mandate."[2] (emphasis in original).

¶16. In light of our unpublished order in *Murtagh,* Allday's equal protection rights have been sacrificed to protect the Legislature's actions. However, the dictates of our constitution take precedence over our statutes and case law. While I find that the case should be remanded for reconsideration of the damages issues raised in Allday's appeal, the majority would do well to affirm the case in an unpublished opinion or order, consistent with its disposition of *Murtagh*. We apparently found that sovereign immunity did not bar that action. There is no reason why we should find to the contrary in this case. Accordingly, I dissent.

**PITTMAN, P.J., JOINS THIS OPINION.**

1. Now referred to as a Motion for Rehearing.

2. March 3, 1998 Letter from Chief Justice Lenore L. Prather, Supreme Court of Mississippi, to Chief Judge Billy G. Bridges, Court of Appeals of the State of Mississippi, regarding construction of the 270/180 day statute as determined at the February 25, 1998 Administrative En Banc Session of

the Supreme Court.