PRATHER, Chief Justice,
for the Court:
¶ 1. This appeal arises from a March 22, 1994 order of the Jones County Circuit Court, finding that the Mississippi Department of Transportation caused or contributed to injuries sustained by Rhonda Allday in a September 13, 1992 accident. At issue is the state of the law of sovereign immunity on the date of the accident. This Court’s decision in Presley v. Mississippi State Highway Commission, 608 So.2d 1288 (Miss.1992), finding the immunity provisions of Miss.Code Ann. § 11-46-6 unconstitutional, was handed down on August 31, 1992 and the petition for rehearing in that case was denied on December 3, 1992. In response to Presley, a revised version of § 11-46-6 was passed by the Legislature on September 16, 1992, three days after Allday’s accident. The Transportation Commission, aggrieved by the judgment against it, therefore asks this Court to consider:
I. Whether the decision in Presley v. Mississippi State Highway Commission should be applied prospectively from the time the initial opinion was issued or from the time the petition for rehearing was denied; and
II. Whether the retroactive declaration of sovereign immunity in § 11-46-3 bars sovereign immunity claims against the State and its subdivisions which predate July 1, 1993?
Allday, on cross-appeal, challenges the adequacy of the jury’s $160,000 judgment, which made no provision for pain and suffering or disfigurement, and the circuit court’s denial of her motion for additur. Accordingly, she raises the following issue:
I. Whether the lower court committed error by refusing to grant an additur;
A. Whether the jury was bound under the law to award damages for pain and suffering and disfigurement; and
B. Whether the jury was bound to award damages for total loss of wage-earning capacity?

STATEMENT OF THE FACTS

¶2. Twenty-one year old Rhonda Allday was seriously injured on the morning of September 13, 1992, when the ear her husband was driving struck a pothole on Highway 11 near their home in Moselle, Mississippi, and careened into a concrete bridge abutment. She sustained permanent and disfiguring injuries to her jaw and hip; a broken ankle and wrist; and internal injuries which required the removal of her spleen and repair of her liver. She was hospitalized for two months and remains limited in her activities because of her injuries.
¶ 3. Allday filed suit against the Mississippi Transportation Commission on January 28, 1993 in the Jones County Circuit Court, al *565 leging that the Commission was negligent in its construction and maintenance of the highway and the bridge. The Commission responded with a motion to dismiss, asserting that Allday’s claim against it was barred by sovereign immunity. The circuit court denied the Commission’s motion on August 19, 1993.
¶ 4. Trial was set for March 7, 1994. On February 2, 1994, the Commission filed a motion for summary judgment, again asserting that suit against it was barred by sovereign immunity. It further asserted, that the agency had not purchased liability insurance or otherwise waived its immunity. Allday opposed the motion, relying upon this Court’s decision in Presley v. Mississippi State Highway Commission, 608 So.2d 1288 (Miss.1992). After a two-day trial, the jury found that the Commission “was negligent and that such negligence caused or contributed to” Allday’s injuries. The word “contributed” was underlined on the special verdict form. Allday was awarded $110,000 for medical expenses (past and future) and $50,000 for lost earning capacity (past and future).The jury expressly provided no award for pain and suffering, physical or mental, loss of capacity for enjoyment of life or bodily disfigurement.
¶ 5. The Commission filed a motion for J.N.O.V., while Allday filed a motion for ad-ditur, or in the alternative, for a new trial on the issue of damages. On March 28, 1994, the circuit court entered the final judgment as. announced in the jury’s verdict. Both parties timely appealed and cross-appealed to this Court.

LAW

I. WHETHER THE DECISION IN PRESLEY v. MISSISSIPPI STATE HIGHWAY COMMISSION SHOULD BE APPLIED PROSPECTIVELY FROM THE TIME THE INITIAL OPINION WAS ISSUED OR FROM THE TIME THE PETITION FOR REHEARING WAS DENIED; AND
II. WHETHER THE RETROACTIVE DECLARATION OF SOVEREIGN IMMUNITY IN § 11-46-3 BARS SOVEREIGN IMMUNITY CLAIMS AGAINST THE STATE AND ITS SUBDIVISIONS WHICH PREDATE JULY 1,1993?
¶ 6. The Transportation Commission raises a two-fold argument in support of its contention that Allday’s claim against it was barred by sovereign immunity. It first asserts that this Court’s prospective ruling in Presley v. Mississippi State Highway Commission, 608 So.2d 1288 (Miss.1992) (decided on August 31,1992 and petition for rehearing denied on December 3, 1992), precludes its application to a cause of action arising on September 13, 1992. The Commission contends that Presley’s prospective-only dictate should apply from the time the petition for rehearing was denied, after Allday’s accident. The Commission also asserts that the Legislature’s retroactive amendment on September 16, 1992 of Miss.Code Ann. § 11-46-3 revives the cloak of immunity taken away by Presley. This Court agrees with the Commission’s first argument, and we accordingly find it unnecessary to address its second argument.
¶ 7. Mississippi Rule of Appellate Procedure 41(a) provides that:
The mandate of the Supreme Court shall issue 21 days after the entry of judgment unless the time is shortened or enlarged by order. The timely filing of a motion for rehearing will stay the mandate until disposition of the motion, unless otherwise ordered by the Court. If the motion is denied, the mandate will issue seven (7) days after entry of the order denying the motion unless the time is shortened or enlarged by order.
The petition for rehearing in Presley was denied on December 3,1992, and this Court’s mandate was issued on December 11, 1992.
¶8. In Decker v. Bryan Brothers Packing Company, 249 Miss. 6,9, 162 So.2d 648, 650 (1964), this Court held that, for the purposes of that case, “[t]he award became due on the date this Court overruled the suggestion of error of appellees to our original judgment and this was the date the final judgment of this Court became final and binding on all parties.” This Court also noted in Decker that “[t]his Court has the inherent right to determine the finality of its own decisions ...”. Decker, 249 Miss. at 10, 162 *566 So.2d 648. Thus, this Court is not irrevocably bound to any specific date of finality with regard to all cases, but, as a general matter, an opinion of this Court should not be considered final until the parties and this State’s bar have had an opportunity to respond to the opinion.
¶ 9. Allday would have this Court create a brief window of opportunity for the abolishment of sovereign immunity prior to the Legislature’s re-enactment of sovereign immunity in response to Presley. This Court considers it improper, however, to enforce our holding in Presley regarding this important issue of Mississippi law prior to the final resolution of the case. This Court therefore holds that our decision in Presley, finding Miss.Code Ann. § 11-46-6 to be unconstitutional, did not become effective until the petition for rehearing was denied on December 3,1992. As in Decker, this date was the date on which “this Court overruled the suggestion of error of appellees to our original judgment and this was the date the final judgment of this Court became final and binding on all parties.” Decker, 249 Miss. at 9, 162 So.2d 648.
¶ 10. Given that the present cause of action arose on September 13, 1992, this Court should properly apply pre-Pruett law to the facts of the present case pursuant to § 11-46-6. Given that there is no indication that any of the traditional exceptions to the defense of sovereign immunity applies to the case at bar, this Court finds that the Commission did in fact enjoy the protection of sovereign immunity in the present case. The judgment of the trial court below is accordingly reversed and judgment rendered in favor of the Commission. In light of this reversal, this Court considers it unnecessary to consider the remaining points of error on appeal.
¶ 11. REVERSED AND RENDERED.
SULLIVAN, P.J., and BANKS, JAMES L. ROBERTS, Jr., SMITH and MILLS, JJ., concur.
McRAE, J., dissents with separate written opinion joined by PITTMAN, P.J.
WALLER, J., not participating.