McRAE, Justice,
dissenting:
¶ 12. I disagree with the majority’s conclusion that the Transportation Commission was protected by sovereign immunity on the date of Allday’s accident. Allday was injured on September 13, 1992, three days before the Legislature passed a revised version of Miss. Code Ann. § 11-46-6 and two weeks after our decision in Presley v. Mississippi State Highway Comm’n, 608 So.2d 1288 (Miss.1992). Since Presley was prospective, there is a window period between the time we found the statute unconstitutional and when the legislature attempted to remedy the problem. Moreover, because only a plurality of this Court approved the prospective application of the decision in that case, that part of the decision noting its prospectiveness had no precedential value until Coplin v. Francis, 631 So.2d 752, 755 (Miss.1994). See Churchill v. Pearl River Basin Development District, 619 So.2d 900, 904-905 (Miss.1993)(“plurality vote does not create a binding result,” so Part II of Presley decision, addressing prospective application, has no precedential value). The circuit court therefore properly allowed the case to go to trial and the only issue remaining to be resolved is whether the jury verdict adequately compensated Allday for her injuries.
¶ 13. The majority opinion neglects to point out that the Commission raised the identical arguments in an interlocutory appeal from the Yazoo County Circuit Court’s denial of its motion to dismiss a similar claim against it arising from a September 4, 1992 accident. In that case, the circuit court’s decision was affirmed by an unpublished order of this Court. Mississippi Transportation Comm’n v. Murtagh, 659 So.2d 893 (Miss.1995). Now, almost three years later, after a jury trial which resulted in an award of damages, we find in a published opinion that sovereign immunity bars a cause of action which arose nine days prior to Murtagh’s accident, but still within the same window between this Court’s decision in Presley on August 31, 1992 and the Legislature’s repeal of the statute found unconstitutional and its passage of the revised version of § 11-46-6 on September 16, 1992. That our unpublished orders *567 and opinions are of no precedential value does not warrant conflicting results where the facts are so similar and the same issues have been raised.
¶ 14. Rhonda Allday was injured on September 13, 1992. Since Presley was decided on August 31, 1992, her cause of action accrued after our decision in that case, which a plurality of this Court held to apply prospectively. We are not bound, therefore, to apply pre-Pruett case law. The Legislature’s response to Presley, a revised version of § 11-46-6, has no bearing on the case sub judice, since it was enacted on September 16, 1992, after Allday’s accident. Both art. I, § 10 of the United States Constitution and art. Ill, § 16 of the Mississippi Constitution of 1890 restrict the retroactive application of new laws. Stamper v. Edwards, 607 So.2d 1141, 1148 (Miss.1992). As this Court stated in State ex rel. Moore v. Molpus, 678 So.2d 624, 643 (Miss.1991), “[w]e take it as an article of faith and law that ex post facto laws are bad practice.” Application of the revised statute, therefore, is an improper retroactive application of the law.
¶ 15. The majority holds that the prospective application of Presley dates from the issuance of the December 11, 1992 mandate denying the petition for rehearing,[1] in conflict with our internal rules as we apply them to the 270/180 day statute, wherein we base compliance with our deadlines on the date of the first decision of the court rather than the date of the mandate. Relying on Decker v. Bryan Brothers Packing Co., 249 Miss. 6, 162 So.2d 648 (1964), the majority then suggests that “this Court is not irrevocably bound to any specific date of finality with regard to all cases, but, as a general matter, an opinion of this Court should not be considered final until all the parties and this State’s bar have had an opportunity to respond to the opinion.” Such flawed logic invites ambiguity in determining the finality of judgments. It is a particularly ironic finding in this case, where the Legislature responded by passing a revised statute just two weeks after the initial decision was handed down, without awaiting the outcome of the petition for rehearing. Moreover, for the purpose of interpreting our own internal rules, we have defined “opinion on the merits” as “the first decision announced by the Court and DOES NOT contemplate a decision/opinion on rehearing or the issuance of the mandate.”[2] (emphasis in original).
¶ 16. In light of our unpublished order in Murtagh, Allday’s equal protection rights have been sacrificed to protect the Legislature’s actions. However, the dictates of our constitution take precedence over our statutes and case law. While I find that the case should be remanded for reconsideration of the damages issues raised in Allday’s appeal, the majority would do well to affirm the case in an unpublished opinion or order, consistent with its disposition of Murtagh. We apparently found that sovereign immunity did not bar that action. There is no reason why we should find to the contrary in this case. Accordingly, I dissent.
PITTMAN, P.J., joins this opinion.

. Now referred to as a Motion for Rehearing.

. March 3, 1998 Letter from Chief Justice Lenore L. Prather, Supreme Court of Mississippi, to Chief Judge Billy G. Bridges, Court of Appeals of the State of Mississippi, regarding construction of the 270/180 day statute as determined at the February 25, 1998 Administrative En Banc Session of the Supreme Court.