| iBARRY, Judge.
Eric D. Steckler is a principal beneficiary and Donaldson L. Steckler is the income beneficiary of an inter vivos trust created by Therese D. Steckler. Eric and Donaldson Steckler’s appeal asserts that Hibernia National Bank, which the trial court appointed as “custodian” of the trust, lacked standing to petition the trial court for authority to administer the trust, and that the trial court erred by authorizing Hibernia to take numerous actions in the administration of the trust and by granting certain relief to Hibernia.

Facts

On January 23, 1976 Therese Steckler (Settlor) established an irrevocable inter vi-vos trust covering twenty-five percent of her working interest in an undivided one-half interest to immovable property in Lafourche Parish. The income beneficiary is her only child, Donaldson Steckler, and the principal beneficiaries are Donaldson’s children (one of whom is Eric). The trust names Whitney National Bank as trustee and directs Whitney to distribute trust income to the income beneficiary beginning August 11, 1985. The trust provides for ^distribution of the trust assets upon the death of the income beneficiary. The trust names an Investment Ad-visor and a Mineral Advisor to the trustee. It does not name a successor trustee.
The appellants state that on July 8, 1976 First National Bank of Commerce and Donaldson Steckler were appointed co-trustees to serve in Whitney’s place. That judgment is not in the record.
A February 23, 1978 judgment approves the resignation of the individual who was apparently the successor trustee and appoints Eric Steckler “to act in the capacity of successor co-Trustee ... to Donaldson L. Steckler.”
On February 1, 1980 the court amended the trust to provide that the interest of each principal beneficiary “shall be held as to constitute a separate trust.” Eric Steckler asserts that the trust was divided for tax purposes.
Whitney’s resignation as trustee is not in the record, but it is clear that Whitney resigned and on November 4, 1985 the court appointed as successor trustee First National Bank of St. Tammany, which accepted the position. Hibernia alleges that in November 1988 First National Bank was placed in receivership and Hibernia purchased its assets, including the Steckler trust. Hibernia states that it did not accept the position of trustee of the Steckler trust, and on March 11, 1991 *622 Hibernia resigned from administration of the trust.
On April 8, 1991 Hibernia filed a Petition for Declaratory Judgment and requested the appointment of a provisional or successor trustee, a successor investment advisor, and a successor mineral advisor. In an apparent effort to divest itself of possession of the trust assets, Hibernia also filed a motion to deposit the trust funds into the registry of the court.
hOn May 28, 1991 the trial court discharged Hibernia as trustee; appointed Hibernia as “custodian” until appointment of a successor trustee; and limited Hibernia’s authority to continuing its accounting and disbursements to the income beneficiary and payment of custodial fees.[1] Appellants do not appeal that judgment.
On June 27, 1991 Donaldson Steckler filed a motion to appoint a successor trustee (Aler-ion Bank). A July 17, 1991 judgment appointed Alerion as successor trustee and ordered Hibernia to continue as “custodian” until the successor trustee accepted its appointment. Alerion declined the appointment, and the record does not show that a successor trustee has been appointed to date. Hibernia remains the “custodian” with authority for limited administration of the trust.
In the meantime, the IRS issued notices of intent to levy the trust assets due to nonpayment of taxes. The record indicates about $325,000 due, and the parties represented that the trust assets total about $340,000.
On July 18, 1995 the trial court rendered judgment on Hibernia’s petition and 1) approved Hibernia’s prior action of preparing and filing federal tax returns on behalf of the trust and authorized Hibernia to engage KPMG Peat Marwick to prepare and file 1994 returns; 2) ratified Hibernia’s previous suspension of income distributions and suspended future distributions from the date of various notices of levy from the IRS; 3) authorized Hibernia to continue charging custodial fees and attorney fees against the trust; 4) authorized Hibernia to respond to any IRS seizure, provided that Hibernia obtain court approval to select specific assets and make reasonable effort to notify the trust beneficiaries and that any payment under |4the seizure be made under protest and reserving to all beneficiaries or the future trustee all rights to seek a refund; 5) the court appointed an expert (William Neilson) to negotiate with the IRS and ordered that a $25,000 escrow fund be set up from trust principal (charged equally against each “sub-trust”) for payment of Mr. Neilson. Eric and Donaldson Steckler appeal that July 18, 1995 judgment.

Mootness

Although appellants’ brief alleges that from September 11 — 30, 1995 Hibernia remitted to the IRS all of the assets of the four trusts and the accrued funds due the income beneficiary, the parties stated at oral argument that trust funds remain in the court registry. Therefore, this matter is not moot.

Applicable Law

The Louisiana Trust Code defines a trust as
the relationship resulting from the transfer of title to property to a person to be administered by him as a fiduciary for the benefit of another.
La.R.S. 9:1731.
A trustee is
a person to whom title to the trust property is transferred to be administered by him as a fiduciary.
La.R.S. 9:1781.
An original, alternate, or successor trustee may be designated in the trust instrument or chosen as provided therein. La. R.S. 9:1785. If the trust instrument does not designate a trustee or the trustee ceases to hold his position, the proper court shall appoint one or more trustees. Id. The Trust Code provides for the appointment of a provisional administrator in the interim:
*623 The proper court may appoint a provisional trustee if necessary to preserve, safeguard, and administer the trust | ..¡property. The appointment may be made summarily upon the application of an interested party or upon the court’s own motion.
La.R.S. 9:1786. The appointment of a provisional trustee is temporary and might occur if the trustee has not accepted, is temporarily incapacitated or unable to serve, or if an action is pending for his removal. La.R.S. 9:1786, comment (b).
The trial court designated Hibernia as the “custodian” of the trust and defined the parameters in which Hibernia is authorized to administer the trust. Although, the propriety of that appointment is not at issue because no one appealed that judgment, this Court must determine the standard to which Hibernia should be held.
The Louisiana Trust Code does not provide for a “custodian” of a trust. See La. R.S. 9:1721 et seq. Hibernia’s obligation to preserve, safeguard and (to the extent authorized by the court) administer the trust assets is analogous to the charge of a provisional trustee, and the law governing the provisional trustee is persuasive. Therefore we resort to that law by analogy.
The provisional trustee is discussed in 11 Louisiana Civil Law Treatise, “Trusts” § 134, which compares the position to a provisional administrator and suggests that a provisional trustee should obtain court approval for certain acts:
The provisional administrator has “all of the authority and rights of an administrator, and is subject to the same duties and obligations, in the discharge of his functions of preserving, safeguarding, and operating the property and business of the succession”; yet, his “functions ... are limited to those necessary for the performance of the duties of his office” and his duties are “restricted in scope.” It appears from the cases on the use of a provisional fiduciary decided on the basis of the law as it stood before the Code of Civil Procedure became effective that a provisional fiduciary has merely conservatory powers. Possibly the powers of a provisional administrator and, by analogy, the powers of h¡a provisional trustee, now include dispositive powers under the provision of the Code of Civil Procedure quoted above stating that a provisional administrator “has all of the authority and rights of an administrator,” but until a clear determination is reached upon this question, a provisional trustee or other provisional fiduciary should attempt to sell property committed to his charge only if he is specifically given that power by the court or if the sale is necessary to conserve the trust property, and is thus a part of his conservatory powers.
Appellants submit that Hibernia should be bound by the duties and limitations of a custodian under the Louisiana Uniform Transfers to Minors Act.[2] La.R.S. 9:1724 allows resort to other laws when the Trust Code is silent:
Whenever this Code is silent, resort shall be had to the Civil Code or other laws, but neither the Civil Code nor any other law shall be invoked to defeat a disposition sanctioned expressly or impliedly by this Code.
Because Hibernia’s obligation as “custodian” is similar to a provisional trustee, this Court will analogize the law applicable to a provisional trustee and it is unnecessary to resort to codal authority outside of the Trust Code.

Standing

Appellants argue that Hibernia did not have standing to petition the court for instructions. They appear to argue that Hi *624 bernia has no right of action because only the trustee may defend or otherwise act on behalf of the trust.
|7La.C.C.P. art. 681 requires that a litigant seeking to enforce a right have a real and actual interest:
Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts.
The trustee is the proper plaintiff to sue to enforce a right of the trust estate, La.C.C.P. art. 699, and is the proper defendant in an action against a trust estate, La. C.C.P. art. 742.
The Trust Code allows a trustee to petition the court for instructions concerning administration of the trust:
A trustee ... in an ordinary or a summary proceeding may apply to the proper court for instructions concerning the trust instrument, the interpretation of the instrument, or the administration of the trust. An order of a proper court issued pursuant to such an application shall be full authority to act in accordance thereunder, and a trustee shall be fully protected from all claims of any person who has or who may subsequently acquire an interest in the trust property.
La.R.S. 9:2233.
No cases have applied § 2233 to a provisional trustee or a “custodian.” However, because Hibernia was entrusted with a limited, interim administration of the trust, Hibernia was authorized to preserve the trust and properly applied to the court for instructions under § 2233. The need for court instructions is particularly pertinent where Hibernia was given limited administration of the trust for an extended period in a capacity for which the Trust Code provides no authority or guidance. That assignment has no merit.

_|sSuccessor Trustee

Appellants contend that the trial court erred by not appointing Eric Steckler successor trustee pursuant to the trial court’s February 23, 1978 judgment. That argument has no merit.
The Steckler trust does not name a successor trustee. The 1978 judgment did not appoint Eric as successor trustee, rather “to act in the capacity of successor co-Trustee....” That authority ended in November 1985 when the trial court appointed as successor trustee First National Bank of St. Tammany and the bank accepted the position. There is no basis to appoint Eric Steckler successor trustee.

Propriety of July 18, 1995 Judgment

Appellants assert that the trial court exceeded its authority by appointing an expert to negotiate with the IRS; withdrawing $25,-000 from the principal of the trust to be placed in escrow for the payment of the court-appointed expert; authorizing Hibernia to respond to any IRS seizure; approving payment of attorney fees and costs; and categorizing the four trusts as “sub-trusts.” Appellants urge this Court to vacate that judgment.
Appellants’ argument is vague and generally asserts that the judgment deviates from the terms of the trust and is not authorized by the Trust Code.
The trust does not contain a provision concerning the payment of taxes. Relying upon La.C.C.P. art. 373 and La.C.E. art. 706, the trial court appointed William Neilson as an expert “to advise the Court as to the tax status of the trust (and sub-trusts) and to negotiate with the Internal Revenue Service on behalf of the trust.” The court granted Mr. Neilson “full subpoena powers and full authority to act ... on behalf of the trust (and sub-trusts) with the Internal Revenue Service.” |gThe court directed Hibernia to establish a $25,000 escrow account from the trust principle to pay the expert.
La.C.C.P. art. 373 does not grant authority to appoint an expert but designates that a court-appointed expert is an officer of the court:
An expert appointed by a trial court to assist it in the adjudication of a case in which his special skill and knowledge may aid the court is an officer of the court from *625 the time of his qualification until the rendition of final judgment in the case.
The court’s authority to appoint and allow reasonable compensation to an expert is granted by La.C.C.P. art. 192. See La. C.C.P. art. 373, comment.
Art. 192 provides:
A. The appointment of expert witnesses is controlled by Louisiana Code of Evidence Article 706.
B. The reasonable fees and expenses of these experts shall be taxed as costs of court.
In a civil case the court may appoint an expert witness who shall advise the parties of his findings. La.C.E. art. 706. However, Art. 706 does not grant the court the authority to appoint an expert to act on behalf of a trust:
A. Civil cases. In a civil case, the court may on its .own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection. An expert witness shall not be appointed by the court unless he consents to act. A witness so appointed shall be informed of his duties by the court in writing, a copy of which shall be filed with the clerk, or at a conference in which the parties shall have opportunity to participate. A witness so appointed shall advise the parties of his findings, if any; his deposition may be taken by any party; and he may be called to testify by the court or any party.
IxoWe find no case in which an expert is appointed under Art. 706 with authority to act on behalf of another person or a trust. U.S. Oil of Louisiana, Ltd. v. Louisiana Power & Light Co., 350 So.2d 907 (La.App. 1st Cir.), writs den. 351 So.2d 775 (La.1977) discussed the function of a court-appointed expert under Art. 706. Although factually distinguishable, U.S. Oil of Louisiana, Ltd. clearly held that the expert’s role is limited. In that case the trial court appointed an expert after the trial ended to advise and assist in adjudicating the case. The First Circuit held that the trial court erred by considering that , expert’s report because the parties were unable to cross examine the expert, explaining:
The proper role of the court-appointed expert under LSA-C.C.P. art. 192 is to provide the judge with facts and information necessary for a complete and just determination of the issues. It is not the function of that expert to decide or to judge the case, or to engage in any of the corollary functions thereof.
U.S. Oil of Louisiana, Ltd. v. Louisiana Power & Light Co., 350 So.2d at 909.
The trial court did not err by appointing Mr. Neilson to obtain information concerning the validity of the notices of intent to levy. Under Art. 706 Mr. Neilson shall report his findings to the parties and may be called to testify in a proceeding concerning the trust. However, the trial court exceeded its authority to the extent that the court appointed Mr. Neilson to negotiate with the IRS on behalf of the trust. Mr. Neilson is neither a trustee nor a provisional trustee, and there is no authority in the Trust Code for him to act on behalf of the trust. To that extent we vacate the judgment of the trial court.
The. expert’s fee is taxed as court costs. La.C.C.P. art. 192(B). Court costs shall be charged against the trust principal
if the matter primarily concerns the principal interest, unless the court directs otherwise; ....
JnLa.R.S. 9:2156(0(5).
Considering that the notices of intent to levy primarily concern the trust principal and the trial court appointed Mr. Neilson to examine the validity of those levies, the trial court did not err by charging Mr. Neilson’s fees and expenses against the trust principal.
The appellants assert that Hibernia did not have authority to file federal tax returns on behalf of the trust and the trial court erred by approving the filing. That argument has no merit.
The Steckler trust does not designate who must prepare and file tax returns. The In *626 ternal Revenue Code requires that every trust having any taxable income must file a return. 26 U.S.C.A. § 6012(a)(4). The trustee is charged with administering the trust solely in the interest of the beneficiary, La.R.S. 9:2081, and therefore must file the tax return on behalf of the trust.
The Trust Code directs the court to appoint a trustee when the original trustee ceases to hold the position. La.R.S. 9:1785. The court has not appointed a trustee or provisional trustee since First National Bank of St. Tammany ceased to be trustee. While this Court does not approve the unauthorized appointment of Hibernia as “custodian,” that issue is not before us. Hibernia’s obligation to limited management of the trust property within the limits prescribed by the trial court is analogous to a provisional trustee, and under those circumstances Hibernia properly petitioned the court for instructions. Because the payment of taxes is necessary to preserve the trust property, the trial court properly authorized the filing of tax returns on behalf of the trust.
| i2The appellants maintain that the trial court erred by allowing Hibernia to charge against the trust Hibernia’s reasonable custodial and attorney fees. That argument has no merit.
Under La.R.S. 9:2156(A) ordinary expenses incurred in connection with the administration, management, or preservation of the trust property, and attorney fees for a matter primarily concerning the income interest shall be charged against the trust income. Extraordinary expenses in connection with the administration, management, or preservation of trust property, and attorney fees for a matter primarily concerning the principal interest shall be charged against trust principal. The appellants present no facts and the record does not show that Hibernia’s charges for attorney fees violates § 2156.
The appellants assert that the trial court erred by authorizing Hibernia to respond to the notices of intent to levy. The judgment granted to Hibernia limited authority to respond to any IRS seizure with court approval and ordered that any payment must be made under protest with a reservation of rights to any beneficiary or future trustee.
The record is insufficient to evaluate the IRS tax levies or the trial court’s ruling granting Hibernia the authority to respond to same. There is no evidence that the trust assets were tendered to the IRS or the present status of the trust. However, the appellants do not show that they were prejudiced considering that the judgment ordered Hibernia to reserve the rights of any beneficiary or future trustee.
Nonetheless, the Trust Code mandates that when a trustee ceases to hold the position of trustee, the court shall appoint a trustee. La.R.S. 9:1785. Therefore, a successor trustee (and provisional trustee if necessary) must be appointed under Lathe prescribed procedure. We remand with instructions to appoint a successor trustee and if necessary a provisional trustee in the interim.

Conclusion

The trust does not name a successor trustee and the February 1978 judgment authorizing Erie Steckler to act in the capacity of successor co-Trustee is not a basis to appoint Eric Steckler as trustee.
Considering that Hibernia’s appointment as “custodian” is analogous to a provisional trustee with limited authority, Hibernia properly petitioned the trial court for instructions concerning the administration of the trust. The Internal Revenue Code requires a trust with taxable income to file a tax return. As “custodian,” Hibernia was under an obligation to continue limited management of the trust assets. Because even minimal management of the trust assets requires that tax returns be filed, Hibernia properly filed the returns and the trial court did not err by approving that action.
The trial court’s appointment of an expert to advise the court as to the validity of the tax levies and the trust’s tax status was proper under La.C.E. art. 706. However, Art. 706 does not authorize a court-appointed expert to act on behalf of the trust and we vacate the judgment to the extent that the *627 expert was so appointed. That expert’s fees and expenses are taxed as court costs and were properly taken from the trust principal.
The record is insufficient to evaluate Hibernia’s response to the IRS tax levies. However, to the extent the judgment ordered any payment to be made under protest and with full reservation of rights, appellants were not prejudiced.
li4We remand for the appointment of a trustee and (if necessary in the interim) a provisional trustee.
VACATED IN PART; AFFIRMED IN PART; REMANDED.
PLOTKIN, J., concurs in the result in part with written reasons.

. Although the trial court discharged Hibernia as trustee, Hibernia had never accepted the position and even if it had accepted, a trustee may resign under La.R.S. 9:1788 at any time by giving written notice to each beneficiary.

. La.R.S. 9:762 prescribes the actions which the custodian must take in the care of the custodial property. La.R.S. 9:763 addresses the custodian’s powers:
A. A custodian, acting in a custodial capacity, has all the rights, powers, and authority over custodial properly that unmarried adult owners have over their own property, but a custodian may exercise those rights, powers, and authority in that capacity only.
B. This Section does not relieve a custodian from liability for breach of the provisions of R.S. 9:762 [regarding care of custodial proper-tyl-